CHARLOTTE P. CONGER *vs.* GEORGE W. NESBITT.

June 6, 1883.

**Jurisdiction of Municipal Court—Amount in Controversy.**—The jurisdiction of the municipal court of St. Paul is limited to civil actions " where the amount in controversy does not exceed $200." *Held*, that the interest, from the time of the finding or verdict until judgment is entered, is not to be taken into account in determining the jurisdiction of the court; hence, where the finding or verdict is for the sum of $200 or less, it is not in excess of the jurisdiction of the court to enter judgment for such sum and interest, although the amount exceeds $200; such interest being allowed as an incident to the main recovery, and never having been " in controversy."

Evidence considered, and *held* sufficient to sustain the findings.

Action in the municipal court of St. Paul, upon a promissory note, made by defendant, payable to the order of Laraway, King & Perrine, by whom, the complaint alleges, it was sold, indorsed and delivered to plaintiff. The answer denies that the note was ever sold, indorsed or delivered to plaintiff, and alleges that, when it was overdue, the payees of the note sold and delivered it to one A. J. Conger, the husband of plaintiff; that, at such time, A. J. Conger was indebted to defendant in a sum largely in excess of the amount of such note; that, about the same time, all matters in dispute and all causes of action and matters in controversy between said A. J. Conger and defendant were submitted to an arbitrator, by whom an award was made in favor of defendant for an amount exceeding $2,000, and that whatever title plaintiff has was derived subsequently to the making of such award, and with full knowledge of the same. On the trial by the court without a jury, it appeared that the award mentioned in the answer was made between defendant and one J. A. Conger of the one part, and A. J. Conger, of the other part, and that the note in suit was presented as a claim by J. A. Conger and disallowed. Judgment having been ordered and entered for plaintiff, defendant appealed.

*Lamprey, James & Warren* and *W. Hammons*, for appellant.

*W. H. Grant*, for respondent.

MITCHELL, J.   The important question in this case for the determination of the court below was whether the plaintiff derived title to the note in suit immediately from the payees, Laraway, King & Perrine, or intermediately through her husband, A. J. Conger.   If immediately from the former, then no equities existing between the defendant and A. J. Conger ever attached to it.   The court below found this to be the fact, and we are of opinion that there is sufficient evidence to sustain the finding.

The evidence tends to show that, in the purchase of the note, A. J. Conger was acting merely as agent for the plaintiff.   The fact that, through mistake or inadvertence, the payees indorsed it payable to the order of the agent, instead of the principal to whom it in fact belonged, would not prevent her from maintaining an action upon it in her own name, and showing by parol her relation to and right of property in the note.   *Cassidy* v. *First Nat. Bank*, ante, p. 86.

The case of *Third Nat. Bank* v. *Clark*, 23 Minn. 263, cited by appellant, is not in point.   That was a case where an indorsee, claiming by virtue of an indorsement, sought to change or vary the indorsement by parol, so as to deprive the maker of his defence.   In such a case, under the law-merchant, the indorsee's rights in that regard depend entirely upon the indorsement, and he must stand or fall upon it as written.

The defendant, however, contends that the evidence shows that, even if plaintiff acquired the note immediately from the payees, yet she subsequently made a gift of it to her husband.   For this he relies mainly upon a statement of Conger that "his wife gave the note to him to use just as any other property."   Considered in connection with the other evidence, we do not think that this language necessarily means that she made him a gift of it so as to constitute him owner.

Neither does the fact that plaintiff allowed her husband to present the note in his own name, as a claim belonging to him, in the arbitration between himself, on the one part, and the defendant and one J. A. Conger, on the other part, estop her from now asserting

her ownership.    It does not appear that defendant was prejudiced or misled to his damage by the act of the plaintiff.    The claim was disallowed, because it was against defendant alone, and not against him and J. A. Conger jointly.

2. The complaint in this action asked judgment for $200, besides costs and disbursements.    The finding of the court was made February 2, 1880, and ordered judgment for plaintiff for $196.25 and her costs.    The judgment was not entered until November 10, 1882, when the clerk entered judgment for the amount of the finding and the interest thereon from its date up to the date of the entry of the judgment, amounting in all to $234.    The jurisdiction of the municipal court of St. Paul is limited to civil actions "where the *amount in controversy* does not exceed $200."    The action of the clerk in computing interest from the time of the finding until judgment was entered, and adding it thereto, was correct, and the judgment so entered was within the jurisdiction of the court.    The interest accruing subsequent to the finding was never in controversy.    It is allowed much the same as costs and disbursements,—as an incident to the main recovery,— and is not to be taken into account in determining the jurisdiction of the court.

Judgment affirmed.