### C. W. SHATTO *vs.* F. E. LATHAM.

### December 22, 1884.

**Municipal Court of Minneapolis—Service of Summons.**—The summons by which Sp. Laws 1883, *c.* 48, § 6, requires civil actions for the recovery of money only to be commenced in the municipal court of Minneapolis, must be served in Hennepin county.

Action upon a promissory note, brought in the municipal court of Minneapolis. The summons was served personally upon the defendant in Wright county, and judgment by default was entered in favor of plaintiff. Thereupon defendant appeared specially, and, upon affidavit showing that the summons had never been served upon him excepting in Wright county, moved to have the judgment set aside and vacated, on the ground that the court had no jurisdiction to render it. Plaintiff appeals from an order vacating and setting aside the judgment.

*Campbell & Odell,* for appellant.

*Ueland, Shores & Holt,* for respondent.

BERRY, J. The municipal court of the city of Minneapolis was originally created by Sp. Laws 1874, *c.* 141, (Gen. St. 1878, *c.* 64, §§

109–130,) which provides in section 1 that "said court  *  *  * shall have jurisdiction to hear, try, and determine civil actions at law where the amount in controversy does not exceed the sum of two hundred dollars." This general grant of jurisdiction was, however, qualified by section 5, which, after conferring "full power and authority to issue  *  *  *  proper and necessary" process, and "all the powers usually possessed by courts of record at common law," (subject to statutory modifications,) proceeded to enact that all process shall be tested in the name of the judge, issued under the seal of the court, and signed by the clerk, and then added the following distinct provision, viz.: "Process may be directed for service to any police officer of the city of Minneapolis, or to the sheriff or any constable of said county." This being the only provision in reference to the direction of process, it was (especially in view of the connection in which it occurred) to be taken as mandatory; that is to say, as prescribing not merely a proper form of direction, but as limiting the proper direction to the officers mentioned. The effect is that these officers were the only ones by whom service of such process could properly be made, and as none of them could serve process outside of Hennepin county, it followed that the process did not run outside of that county. This view is confirmed by the "directions" prefixed to the forms of process prescribed in sections 8, 9, and 10. In 1875 (Sp. Laws, *c.* 4,) and in 1878 (Sp. Laws, *c.* 65,) the original act of 1874 above cited was amended, but not in respects important to be here considered.

But the plaintiff contends that the above-mentioned provisions of the original act were so changed in effect by chapter 48, Sp. Laws 1883, that the territorial jurisdiction of the court was enlarged so as to permit it to issue process running outside of the county of Hennepin. The change referred to was as follows: By section 8 of the original act, both as first passed and as amended by the act of 1878, it was provided that "all civil actions for the recovery of money only shall be commenced by summons to be issued by the clerk.  *  *  * The manner of service shall be the same as that required by law for the service of summons in courts of justices of the peace." By the act of 1883, (Sp. Laws 1883, *c.* 48, § 6,) this section was so amended as

to provide that "all civil actions for the recovery of money only shall be commenced by summons to be issued as in the district courts of the state, or by writ of attachment to be issued by the clerk. The manner of service of summons, pleadings, notices, and appearances of parties shall be the same as that required by law in the district courts of the state; and the provisions of title five of chapter sixty-six, General Statutes of one thousand eight hundred and seventy-eight, so far as the same may be applicable, subject to such modifications as the court may by rule establish, shall apply to said municipal court."

Certainly there is nothing in this amendment which *expressly* enlarges the territorial jurisdiction of the municipal court, and we are equally clear that there is nothing in it which enlarges it by implication, or evinces any intention to do so. The evident purpose of the amendment is to change the mode of commencing civil actions, so as to allow them to be commenced without *process proper,—Hanna* v. *Russell,* 12 Minn. 43, (80;) *Lowry* v. *Harris,* Id. 166, (255,)—tested and sealed and signed by the clerk, and directed to an officer, but by a summons (as in the district court) directed to the defendant, and signed by the plaintiff or his attorney; and further, also, to allow such summons to be served by a private person. The object of the legislature was, in these respects and in some others not material here, to conform and assimilate the practice in the municipal court to that of the district courts. But notwithstanding *process proper* was no longer required to commence a civil action for the recovery of money only, the implication (from the requirements as to direction of process) that the jurisdiction was limited to Hennepin county was undisturbed. The amendment, which related to other matters, left that implication as it found it. Process proper was still required as respected attachments and executions, and in some other cases, and no attempt was made to dispense with it; and it is not at all likely that any enlargement of territorial jurisdiction as to the commencement of actions would be made without a corresponding enlargement as to executions, at least, if not as to such other process proper as was retained.

The case of *Gould* v. *Johnston,* 24 Minn. 188, is not in point. The statute there considered provided that the municipal court of St. Paul

should have "concurrent jurisdiction with the court of common pleas of Ramsey county." No like provision is found in the original act involved in the case at bar, or in its amendments.

Order affirmed.