HARRY C. CRAWFORD *vs.* HURD REFRIGERATOR Co.

Submitted on briefs May 4, 1894. Reversed May 7, 1894.

No. 8604.

**Duluth Municipal Court jurisdiction.**

The municipal court of Duluth has no jurisdiction of an action where the sum claimed in the complaint, including interest, exceeds $500, although the principal sum is less than that amount.

Appeal by defendant, the Hurd Refrigerator Company, a corporation, from an order of the Municipal Court of the City of Duluth, *Eric L. Winje*, J., made November 7, 1893, overruling its demurrer to the complaint.

This action was commenced August 25, 1893. The complaint stated that on November 1, 1891, the plaintiff, Harry C. Crawford,

agreed with defendant to solicit customers for it and to sell its goods for one year thereafter and it agreed to pay him therefor five per cent. of the price of all goods sold by him, that he performed the contract on his part and sold goods to the value of $14,039.85, that his commission was $701.99, that he had received thereon $224.33. He demanded judgment for the balance, $477.66, with interest thereon from November 1, 1892, with costs.

The defendant demurred to this complaint and specified as ground of objection that the Municipal Court had not jurisdiction of the subject of the action. That court overruled the demurrer and defendant appeals.

*White & McKeon*, for appellant.

The Municipal Court of the City of Duluth was created by Sp. Laws 1891, ch. 53, and its civil jurisdiction is as follows: "Of an action arising on contract for the recovery of money only, if the sum claimed does not exceed five hundred dollars." The amount claimed by plaintiff was at the date of the commencement of this action $504.97 exclusive of the costs. The court below applied the same rule to interest before, that this court applied after, trial until the entry of judgment in *Conger* v. *Nesbitt*, 30 Minn. 436.

Interest to the commencement of suit is to be considered in deciding upon the question of jurisdiction. *Cooper* v. *Reaney*, 4 Minn. 528.

*Mann & Corcoran*, for respondent.

The question involved has never been settled in this state.

The subject of interest was referred to in *Conger* v. *Nesbitt*, 30 Minn. 436, and in *Cooper* v. *Reaney*, 4 Minn. 528.

In some states the statute settles the question as to whether or not interest is to be taken into consideration in determining the court's jurisdiction. *Gregg* v. *Wooden*, 7 Ind. 499; *Hedgecock* v. *Davis*, 64 N. C. 650; *Sweeny* v. *Lowe*, 6 B. Mon. 314; *Planters' Bank* v. *Caulson*, 7 Miss. 395; *Decklar* v. *Frankenberger*, 30 La. Ann. Part 1,410; *Cole* v. *Hayes*, 78 Me. 539.

MITCHELL, J. The municipal court of the city of Duluth is created by Sp. Laws 1891, ch. 53, by which it is given jurisdiction "of

an action arising on contract for the recovery of money only, if the sum claimed does not exceed five hundred dollars."

The sum claimed in the complaint, and for which plaintiff demands judgment, is the criterion. *Barber* v. *Kennedy*, 18 Minn. 216 (Gil. 196).

And it cannot make any difference whether the sum claimed consists wholly of principal, or partly of principal and partly of accrued interest, or whether the pleader makes the computation of interest, or leaves it to be computed by the court or jury.

As long ago as *Cooper* v. *Reaney*, 4 Minn. 528 (Gil. 413), this court held that interest was to be deemed part of the amount in controversy in determining whether the district court had jurisdiction under 1851 R. S. ch. 69, art. 2. *Conger* v. *Nesbitt*, 30 Minn. 436, (15 N. W. 875,) is not in point. What was decided in that case was that interest accruing after the finding or verdict, until the entry of judgment, was not to be taken into account, because it never was "in controversy," but was incident to the main recovery, the same as costs and disbursements.

The amount claimed in the present action was $477.66, with interest at 7 per cent. from November 1, 1892, which amounted to more than $500. Hence, in our opinion, the municipal court had not jurisdiction of the subject of the action.

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 985.)