## BAXLEY BANKING COMPANY *v.* CARTER *et al.*

1. Under the act creating the city court of Baxley and the amendment thereto, the judge of that court has no right or jurisdiction to try and dispose of a case at the first term, where the amount involved exceeds $100.
2. A suit in such court for $100 principal, besides interest at eight per cent. per annum from a certain date prior to the date suit was brought, involves an amount greater than $100.
3. Where the maker of such a note agreed therein to pay ten per cent. attorney's fees, and a copy of the note was attached as an exhibit to the petition, it was error to refuse an amendment to the petition, claiming such attorney's fees in addition to the principal of the note and interest thereon.

Submitted December 10, — Decided December 21, 1900.

Complaint. Before Judge Parker. City court of Baxley. February term, 1900.

*C. H. Parker* and *J. H. Thomas,* for plaintiff.

SIMMONS, C. J. In January, 1900, the Baxley Banking Company brought suit in the city court of Baxley, for $100 principal, besides interest at eight per cent. per annum from July 31, 1899,

on a promissory note, against Carter and others.    At the first term of the court the plaintiff moved to amend its petition by asking for attorney's fees.    This amendment was disallowed on the ground that no plea had been filed.    The plaintiff excepted.    After the amendment had been disallowed, the defendants' counsel informed the court that they had, since the filing of the suit, paid off and discharged the principal and interest of the note.    This statement was conceded by plaintiff's counsel to be correct.    The court thereupon rendered a judgment against the defendants for $2.10 costs and against the plaintiff for $9.90 costs, ruling that, under the second section of the act creating the city court of Baxley (Acts 1897, p. 420), only such costs as would have accrued had the case been brought in a justice's court could be assessed against the defendants where the principal sum claimed was not more than $100. The plaintiff excepted to this judgment, on the ground that the suit was for more than $100 and the whole costs should have been assessed against the defendants; and, further, that the court had no power to try and dispose of the case at the first term.

1. We think the court erred in trying the case at the first term. The amendment (Acts 1897, p. 520) to the act creating the city court of Baxley gives the judge authority to try and dispose of certain cases at the first or appearance term.    It declares that "in all suits brought or transferred to the city court of Baxley, where the amount involved does not exceed one hundred dollars ($100.00), the appearance term shall be the trial term of said case."    Other than this, the judge has no authority to try any cases at the appearance term.    This amending act does not refer to cases in which the principal sum does not exceed $100, but to those wherein the amount involved does not exceed $100.

2. It follows that in a suit for $100 and a certain amount of interest the above-mentioned amendment to the act does not authorize a trial at the first term; for, while the principal sum claimed is just $100, the "amount involved" in the suit is in excess of that sum. We therefore think that the judge erred in disposing of the case or rendering any judgment as to costs at the appearance term.

3. The makers of the note sued on agreed therein to pay all costs of collection, including ten per cent. attorney's fees.    The note was attached as an exhibit to the petition.    At the first term the plaintiff moved to amend by adding a prayer for the recovery of

these attorney's fees. We see no reason why the plaintiff should not have been allowed to amend its petition so as to demand attorney's fees as well as principal and interest. It may be said that the amendment was properly disallowed because no plea had been filed, and the plaintiff was therefore, under section 3667 of the Civil Code, not entitled to recover attorney's fees. That section provides that an agreement to pay attorney's fees shall not be enforced "unless a plea or pleas be filed by the defendant and not sustained." Inasmuch, however, as the defendants had the right to file a plea at the appearance term of the court, or, for good cause shown, even later, the judge could not have been officially informed that no such plea would be filed, and should not have acted on the presumption that no such plea would be filed, and that, if filed, it would not be sustained. The information or statement of counsel that the principal and interest had been paid was subsequent to the disallowing of the amendment, and, besides, the judge in deciding the question of the amendment of the pleadings should not have looked to that information or statement. For these reasons we think that the amendment should have been allowed. As the liability of the defendant for the whole of the costs in the city court of Baxley is dependent upon whether the "principal sum" exceeds $100, the allowance of the amendment will control in the determination of the question of the amount of costs to be assessed against the defendant.

*Judgment reversed. All concurring, except Fish, J., absent.*