JOHN DURESEN v. FRED S. BLACKMARR and Another.[1]

April 12, 1912.

Nos. 17,559—(167).

**Municipal court — jurisdiction.**
> The municipal court of the city of Minneapolis has no jurisdiction of a counterclaim, though arising out of the transaction made the basis of plaintiff's cause of action, where the amount thereof exceeds the sum of $500, the limit of the court's jurisdiction.

Action in the municipal court of Minneapolis to recover $255 damages for injuries to plaintiff's wagon and horses, caused by collision with defendant's automobile. In his answer defendant Blackmarr alleged that the collision was due solely to plaintiff's negligence, and interposed a counterclaim for $3,000 for injuries sustained. From an order overruling plaintiff's demurrer to the counterclaim, he appealed. Reversed.

*Paul J. Thompson* and *M. A. Hessian,* for appellant.
*Lane & Malmberg,* for respondent.

BROWN, J.
This action was brought in the municipal court of the city of Minneapolis to recover the sum of $255, damages alleged to have been

[1] Reported in 135 N. W. 530.

suffered by plaintiff as a result of a collision between his team and wagon and defendant's automobile; the complaint alleging that the collision was caused by the negligent operation of the automobile. Defendant Blackmarr, the driver of the automobile, interposed a counterclaim for $3,050, for injuries to his person from the collision, which, the answer alleges, was caused by the negligence of plaintiff. Plaintiff demurred to the answer, on the ground that the cause of action made the basis of the counterclaim was beyond the jurisdiction of the court, and that the court had no power or authority to hear or determine the same. The demurrer was overruled, and plaintiff appealed.

The only question presented is whether the municipal court of the city of Minneapolis has jurisdiction of a counterclaim interposed in an action at law for the recovery of money the amount of which exceeds the sum of $500, the limit of the jurisdiction of the court as fixed by law. We are of the opinion, and so hold, that the question should be answered in the negative.

The statute [Sp. Laws 1889, p. 599, c. 34, § 2] defining the jurisdiction of the court provides: "Said court shall be a court of record and shall have a clerk and a seal, and shall have jurisdiction to hear, try and determine civil actions at law where the amount in controversy does not exceed the sum of five hundred dollars."

The court is one of inferior or limited authority, with power to exercise the jurisdiction conferred, and no other. It may entertain and determine actions for the recovery of money, where the amount in controversy does not exceed $500. Whether a particular action comes within its jurisdiction is determined by the amount claimed by plaintiff in his complaint, and if within its jurisdiction defendant cannot deprive it thereof by setting up a counterclaim for an amount exceeding its authority. Barber v. Kennedy, 18 Minn. 196 (216). In no case for the recovery of money will the answer of defendant be referred to in determining the question of the court's jurisdiction of plaintiff's cause of action. The action as stated in the complaint controls that question.

Precisely the same rule applies to defendant where he interposes

a counterclaim. A counterclaim is a cross-action against the plaintiff, and to entitle a defendant to be heard thereon in that court the cause of action stated by him must be within the limits of the court's jurisdiction. The court can no more exceed its jurisdiction on his demand than it can on the demand of the plaintiff; for, as remarked by Chief Justice Cassoday in Martin v. Eastman, 109 Wis. 286, 85 N. W. 361, the limitation as to jurisdiction applies to both parties to the action.

We have been cited to no case, save one from New York, where a contrary conclusion has been reached. Howard v. Buffalo, 176 N. Y. 1, 68 N. E. 66. That case involved the jurisdiction of the county court of New York, and it was held that as an incident of its jurisdiction the court could determine and adjudicate upon a counterclaim, though the amount thereof exceeded its statutory jurisdiction. The decision seems more arbitrary than logical, and is not in harmony with the general trend of authorities elsewhere.

In the case of justice courts, with limited jurisdiction, the courts are practically uniform, so far as our examination of the authorities has extended, in denying the jurisdiction of a counterclaim in excess of the amount fixed by law as the limit of their authority. The analogy between those courts and municipal courts, with a like, though larger in amount, jurisdictional limitation, is real, and not merely apparent. The reason for the rule withholding jurisdiction applies equally to both courts.

The jurisdiction was denied in the following cases: Maxfield v. Johnson, 30 Cal. 546; Seafkas v. Evey, 29 Ill. 178; Clancy v. Neumeyer, 51 N. J. L. 299, 17 Atl. 154; General Electric Co. v. Williams, 123 N. C. 51, 31 S. E. 288; Milliken v. Gardner, 37 Pa. St. 456; Johnson v. Goolsby (Tex. Civ. App.) 121 S. W. 883; Murphy v. Evans, 11 Ind. 517. Nor were the decisions cited predicated upon language like that found in our statutes limiting a justice court counterclaim to a cause of action which could be made the basis of an action before the justice against plaintiff, but rather upon the broad ground that the limitations as to jurisdiction applied to both parties to the action.

The authorities also hold that a counterclaim in excess of the ju-

risdiction of the court may be pleaded as defensive matter, where no affirmative relief is demanded, and that the defendant may waive the excess by his pleading and demand judgment for an amount within the jurisdiction of the court.     24 Cyc. 572.     Defendant in the case at bar, however, did not proceed in this manner.     On the contrary, he demanded judgment for the full amount of his claim. Nor is the question in any way affected by the provisions of the municipal court act to the effect that, except as otherwise provided, that court may exercise all the powers of the district courts of the state. As to the amount of which the court may take jurisdiction the act creating the court "otherwise provides."

We therefore follow the rule of the authorities cited, and hold that the court below has no jurisdiction of the counterclaim, and the demurrer thereto should have been sustained.     From this it does not follow that defendant is without a remedy.     His cause of action, though arising out of the subject-matter of the complaint, is an independent right, and he may maintain a separate action to recover thereon.     Jordahl v. Berry, 72 Minn. 119, 75 N. W. 10, 45 L.R.A. 541, 71 Am. St. 469.

Order reversed.