## NETTIE JUSTER v. COURT OF HONOR.[1]

January 24, 1913.

Nos. 17,546—(145).

**Jurisdiction of municipal court.**

In an action in the municipal court of St. Paul, jurisdiction of the person cannot be acquired by service of the summons outside of Ramsey county.

**Same.**

Where the complaint, in an action on contract in the municipal court of St. Paul, claims $500, with interest, the court is without jurisdiction of the subject-matter.

**Amendment of judgment.**

Where judgment in such an action is entered for the amount so claimed, the court has no jurisdiction to cure the defect by allowing a deduction

[1] Reported in 139 N. W. 701.

from the amount of the judgment so as to bring it within the jurisdictional limit.

Defendant appeared specially for the purpose of the motion only and moved the municipal court of St. Paul to vacate (1) the service of summons and complaint, (2) the return of service of the summons and complaint, and (3) judgment entered in favor of plaintiff for $547.25. The ground of the motion was that the court did not acquire jurisdiction in the action over the defendant. The motion was denied, Finehout, J. From the order denying the motion, defendant appealed. Reversed.

*Spooner, Laybourn & Lucas* and *William B. Risse,* for appellant.
*A. J. Hertz,* for respondent.

PHILIP E. BROWN, J.
The plaintiff attempted to bring an action against the defendant, a foreign insurance company, in the municipal court of St. Paul on December 16, 1911, by serving copies of the summons and complaint in Minneapolis on one asserted to be the defendant's general manager for this state. The complaint set out a cause of action on contract, based upon an insurance policy issued by the defendant to one Singer, and under which the plaintiff, as beneficiary, claimed the sum of $500, with interest thereon at 6 per cent. per annum from August 26, 1910. On December 30, 1911, judgment by default was entered against the defendant for $540, and also for $7.25 costs. The defendant thereafter appeared specially and moved to vacate the judgment on the ground that the court had no jurisdiction either of the person or the subject-matter, which motion was denied, and this is an appeal from the order.

1. Did the court acquire jurisdiction of the person by the service of the summons outside of Ramsey county, assuming, for the purposes of this case, that if the service had been made within such county it would have conferred jurisdiction?

Special Laws 1875, p. 25, c. 2, is the original act establishing a municipal court in St. Paul. This act provided that the court should have jurisdiction of civil actions where the amount in con-

troversy did not exceed $200. The act was amended by Sp. Laws 1876, p. 290, c. 211, § 1, providing in effect that where the demand of the complaint exceeded $100, but not $200, the court should have concurrent jurisdiction with the court of common pleas of the county, and that summons in such action should be served as like process was by law authorized out of the common pleas court. In Gould v. Johnston, 24 Minn. 188, the court construed the provisions of the latter act, saying:

"Inasmuch as by the law creating the common pleas court its jurisdiction was 'equal and concurrent' with the district court, and, consequently, its summons could be served in any county of the state by the sheriff of such county, or even by a private person, and as it is beyond question that, by the amendment we have quoted, the legislature intended to conform the jurisdiction of the municipal court, in the actions mentioned in it, to that of the common pleas court, and to adopt for the former the mode of service and return of summons applicable to the latter, there is nothing in the point that the summons was served " outside of Ramsey county.

In Shatto v. Latham, 33 Minn. 36, 21 N. W. 838, the court, in defining the jurisdiction of the municipal court of Minneapolis, held that, notwithstanding that its organic act contained no express limitation confining its jurisdiction to Hennepin county, yet the act should not be construed to authorize the service of process out of such court outside of the county.

The legislature, by Sp. Laws 1889, p. 994, c. 351, passed a comprehensive act confirming and continuing the municipal court of St. Paul, whereby its jurisdiction was enlarged and its practice and procedure regulated, and all acts inconsistent therewith were repealed. This act provided that the jurisdiction of the court should be coextensive with the limits of Ramsey county, and, as to subject-matter, should include actions "arising on contract for the recovery of money only, if the sum claimed does not exceed five hundred ($500) dollars."

The plaintiff contends that the summons in the instant action

was properly served in Minneapolis, and argues, in support of this proposition, that the Shatto case, supra, is not in point, as against his contention; and, further, that his claim is supported by the doctrine of the Gould case, supra. This contention cannot be sustained. The Shatto case establishes, at least, that without some authority to the contrary, either express or fairly implied, service of process from municipal courts must be made within the county; and as Sp. Laws 1889, p. 994, c. 351, is evidently intended to define the territorial jurisdiction of the St. Paul municipal court, and moreover, Sp. Laws 1876, p. 290, c. 211, § 1, above referred to, giving such court concurrent jurisdiction with the court of common pleas, was repealed by Sp. Laws 1881, p. 930, c. 378, the whole force of the plaintiff's argument, based on the Gould case, supra, is destroyed. We hold therefore that no jurisdiction of the person was acquired by the service of the summons in Minneapolis.

2. Did the sum claimed in the complaint exceed the court's statutory jurisdictional limit as to amount, thus preventing it from acquiring jurisdiction of the subject-matter? This question must be answered in the affirmative. The plaintiff's contention in this regard likewise rests upon a statute which, as we have noted above, has been repealed; and the further insistence that the amount of principal and interest claimed in the complaint does not exceed the jurisdictional limit specifically fixed by Sp. Laws 1889, p. 994, c. 351, is also untenable, this question having been so determined by Crawford v. Hurd Refrigerator Co. 57 Minn. 187, 58 N. W. 985, construing the Duluth municipal court act, which, so far as concerns the question before us, is identical with the act here under consideration. See, also, Duresen v. Blackmarr, 117 Minn. 206, 135 N. W. 530.

We have been cited to no statutes which militate against the conclusions which we have reached in this and in subdivision 1 of this opinion.

3. It appears that, subsequently to the making of the order appealed from, the court, upon the plaintiff's application, amended the default judgment by deducting therefrom the amount allowed for interest, without any appearance on the part of the defendant. The

plaintiff claims that this cured the jurisdictional defect, if any, concerning the subject-matter. But if the court was without jurisdiction to enter the judgment in the first instance, it was equally without jurisdiction to amend it.

Discussion of the other questions raised by the appellant is rendered unnecessary by the conclusions which we have reached.

Order reversed.