NATIONAL SURETY CO. v. ROSENBERG et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. COURTS (§ 169*)—JURISDICTION—AMOUNT IN CONTROVERSY—AMENDMENT OF COMPLAINT.

    The County Court, having obtained jurisdiction over a defendant by substituted service of a summons, can permit amendment of the complaint by striking out the claim for interest so as to bring the demand within its jurisdiction.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

2. APPEAL AND ERROR (§ 635*)—RECORD—JURISDICTION.

    The County Court having acquired no jurisdiction over a defendant, if the summons and the complaint demanding a sum in excess of its jurisdiction were served on him at the same time, but having power to amend the complaint to reduce the demand to a sum within its jurisdiction only in case the complaint was served after the summons, the judgment against him will be reversed and a new trial had as to such matter; the record not showing whether they were served together or at different times.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2285, 2776–2782, 2829; Dec. Dig. § 635.*]

Appeal from Kings County Court.

Action by the National Surety Company against Joseph Rosenberg and Rosalie Rosenfeld. From a judgment for plaintiff, defendants appeal. Reversed as to defendant Rosenberg, and new trial ordered; affirmed as to defendant Rosenfeld.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and :PUTNAM, JJ.

William Wills, of Brooklyn, for appellants.

Samuel F. Frank, of New York City, for respondent.

PER CURIAM. [1] As the County Court acquired jurisdiction over the defendant Rosenfeld by substituted service of a summons, it had power to permit the amendment of the complaint herein by striking out the claim for interest. Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017.

[2] It does not sufficiently appear whether the summons and the complaint were served at the same time and together upon the defendant Rosenberg. If so served, then, as the demand in the complaint was greater than the jurisdiction of the County Court, no jurisdiction was acquired over said defendant.

The judgment against said defendant Rosenberg should be reversed and a new trial ordered in order that proof may be given as to the exact manner of the service of the summons and the complaint herein; costs to abide the event. As to the defendant Rosenfeld, the judgment should be affirmed, with costs.