(169 App. Div. 464)

## HALPERN v. LANGROCK BROS. CO.

(Supreme Court, Appellate Division, Second Department. October 8, 1915.)

1. COURTS ⬅170—COUNTY COURTS—JURISDICTION—AMOUNT DEMANDED—"WITH INTEREST."

Under Const. art. 6, § 14, and Code Civ. Proc. § 340, subd. 3, the jurisdiction of County Courts is limited to actions "in which the complaint demands judgment for a sum not exceeding $2,000"; and where plaintiff's summons, demanding merely relief, was served with his complaint, demanding $2,000, "with interest," the County Court was without jurisdiction, since it is the demand of the complaint which governs, and not the summons or the amount recoverable, and the words "with interest," in the prayer for judgment, cannot be construed to mean "including interest."

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. ⬅170.

For other definitions, see Words and Phrases, First and Second Series, With Interest.]

2. COURTS ⬅169—COUNTY COURTS—JURISDICTION.

Where the complaint in an action in the County Court demanded more than $2,000, and was therefore beyond the jurisdiction of the County Court, election by the plaintiff to take judgment for $2,000 only does not confer jurisdiction, for jurisdiction is determined by the complaint, and not by the amount recovered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. ⬅169.]

3. APPEAL AND ERROR ⬅185—QUESTIONS NOT RAISED BELOW—JURISDICTION OF SUBJECT-MATTER.

Want of jurisdiction in the County Court, because the complaint demanded more than $2,000, may be raised on appeal, though the objection was not taken below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1176, 1183; Dec. Dig. ⬅185.]

Appeal from Kings County Court.

Action by Emanuel Halpern against the Langrock Bros. Company. Judgment for plaintiff (153 N. Y. Supp. 985), for $2,000, and defendant appeals. Reversed and dismissed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

M. Carl Levine, of New York City, for appellant.
Louis Pleshet, of New York City, for respondent.

CARR, J. The plaintiff respondent has recovered a judgment against the defendant appellant, in the County Court of Kings County, for the sum of $2,000 and taxed costs. The complaint, original and

as amended, states two causes of action, one for wages alleged to have been earned by the plaintiff, and another for damages for a breach of a written contract of employment. The demand for judgment is "for the sum of $2,000 upon both causes of action, with interest, besides the costs and disbursements of the action." The case was tried before the County Court without a jury, and the findings of the court are to the effect that the defendant was indebted to the plaintiff in the sum of $7.25 for compensation actually earned, and that, by an unlawful breach by defendant of the contract between the parties, plaintiff suffered damages "in the sum of at least two thousand ($2,000) dollars." Judgment was directed against the defendant in the sum of $2,000, besides the costs and disbursements of the action. From this judgment the defendant appeals.

[1] Among the grounds urged by the appellant for reversal of the judgment is one that the County Court was without jurisdiction of the action. If this contention be sound, it will be unnecessary to consider the other points of attack. Section 14 of article 6 of the Constitution, and subdivision 3 of section 340 of the Code of Civil Procedure, limit the jurisdiction of County Courts to actions "in which the complaint demands judgment for a sum not exceeding $2,000." In this case the summons makes no demand for a specific sum, and is for relief only. But as the complaint was served together with the summons, the case does not fall within the rule declared in Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017, where it was held that, when an action had been begun in a County Court by the service of a summons for relief only, the court may permit an amendment of a complaint, subsequently served, to restrict the demand for judgment to the sum of $2,000. There is no contention here that the summons was served without a complaint. It seems to be conceded that both papers were served together, and in this event the court acquired jurisdiction, if at all, only upon a demand in the complaint for judgment for a sum not exceeding $2,000. The Constitution has made the demand for judgment the test of jurisdiction. Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410; Howard Iron Works v. Buffalo Elevating Co., 176 N. Y. 1, 68 N. E. 66.

The respondent contends that the demand for judgment in his complaint is not for a sum exceeding $2,000. He argues that while he demanded $2,000, with interest, upon both causes of action set forth in his complaint, the word "with" should be interpreted as meaning "including," so that the demand should be considered as for the sum of $2,000, including interest. Such is not the natural and ordinary meaning of the language used in the complaint. The first cause of action stated therein is for a fixed sum, to which, if recovered, interest attached as a part of the demand. The second cause of action is for $2,000 as unliquidated damages, to which interest would not attach at common law; but the test of jurisdiction is not the sum recoverable in the action, but the sum demanded in the complaint.

[2] Nor, as we are of opinion, did the election by the plaintiff not to take judgment for a sum exceeding $2,000 confer jurisdiction upon the County Court. This court has held quite recently (National Surety

Co. v. Rosenberg, 158 App. Div. 896, 142 N. Y. Supp. 1043) that where a complaint, served together with the summons, in an action in a County Court, demanded the sum of $2,000 and interest, the court acquired no jurisdiction whatever, and could not make an order permitting the plaintiff to amend the demand as set forth in the complaint. It is true that in the case just referred to the cause of action was for liquidated damages, and that in the case before us the two causes of action are separately for liquidated and unliquidated damages; but that is not sufficient to take this case out of the rule. In Hamburger v. Hellman, 103 App. Div. 263, 92 N. Y. Supp. 1067, relied upon by the respondent, the action was in the Municipal Court of the City of New York, as to the jurisdiction of which, in actions to recover a sum of money, there was no plain constitutional restriction. There the damages demanded were wholly unliquidated; and although the complaint demanded interest on the damages, the court was of opinion that the demand for interest could be ignored or waived to support jurisdiction obtained by regular service of a summons. This decision was based expressly upon various provisions of the Municipal Court Act, read together, and has no necessary application to the question now before us.

[3] We think that the County Court of Kings County, by reason of the demand for judgment in the complaint, did not have jurisdiction of this action. This being so, the fact that this point was not raised at any stage before judgment does not estop the appellant from raising it now. Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636; Matter of Walker, 136 N. Y. 29, 32 N. E. 633; Matter of Logan, 116 App. Div. 147, 102 N. Y. Supp. 200.

The judgment of the County Court of Kings County must be reversed, and the complaint dismissed, with costs and disbursements. All concur.