## 9054. WILSON *v.* BUSH.

1. While an illiterate person is not bound by the terms of an instrument which he ignorantly signed under an erroneous belief as to its character and contents, where he was induced to do so by reason of the mis-representations of the opposite party, whose good faith he had no reasonable ground to suspect (*Grimsley* v. *Singletary*, 133 *Ga.* 56, 65 S. E. 92, 134 Am. St. R. 196), still, where such a person, who is able to contract, enters into an accounting with another, and voluntarily signs a promissory note in settlement, the true purport and terms of which he fully understands, he, like other persons, is ordinarily bound thereby, and will not, in the absence of fraud or mistake, be heard to set up, as a defense to an action on the note, the mere fact that, under the accounting wherein it was given in settlement, he failed to receive certain credits to which he was entitled, and that certain elements of indebtedness included therein were unjust.

2. In our rules of pleading there is nothing that would prevent the plaintiff in a suit on a note from amending an erroneous statement in the petition by increasing the amount of the claim made on the note, where the amount of the demand as amended is still within the

amount called for by the note sued on,. as shown by the attached copy thereof.

3. A note given for a stated sum as principal, to bear interest after maturity, and providing for the payment of ten per cent. as attorney's fees "on amount of said debt," authorizes a recovery of such fees on the amount of both the principal and the interest of the obligation. *Everett* v. *Ingram*, 142 *Ga.* 145 (82 S. E. 562).

DECIDED MARCH 15, 1918.

Complaint; from Miller superior court—Judge Worrill.   June 30, 1917.

*W. I. Geer,* for plaintiff in error.   *Billie B. Bush,* contra.

JENKINS, J. 1. The trial judge sustained a demurrer to the plea by which the defendant sought to go behind the settlement deliberately made between the parties to the suit, and closed up by the execution of the obligation sued on.   This the defendant could not do, without setting up fraud or mistake; and in our opinion the plea fails to show either.   It merely undertakes to show that he was entitled to certain payments not allowed in the settlement, and that some of the charges included therein were unjust.   It does not show that in the settlement the payee of the note employed any deceptive means or deceitful practice by which the defendant was mislead; it does not appear that any artifice was resorted to, or that any emergency existed whereby the maker of the note was drawn into making the settlement, so as to deprive him of a full and fair opportunity of informing himself as to the elements of the transactions entering into and forming the basis of the note, before signing it.   Averring that the note does not represent the amount which on a true and correct accounting would have been arrived at, the defendant relies upon the fact that the plaintiff, in whom he reposed great confidence and with whom he had dealt for a long number of years, promised to revise the instrument and correct any error which it might subsequently develop existed therein.   In the settlement made, the defendant dealt with the plaintiff as the opposite party to the transaction. No relationship of trust arises by reason of the fact that he had so dealt with him for a long number of years, and that the defendant believed in his integrity, nor in the fact that he was a second blood cousin to the defendant.   *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932). And where one deliberately signs a promissory note in a stated sum, believing the amount named in the obligation to be erroneous, but

relies upon the promise of the other party to the contract that it would be revised so as to correct errors, the maker, even though illiterate, will not be heard to contradict the written instrument by setting up such parol understanding in opposition thereto. The terms of the writing can not be defeated upon the ground of mistake made at the time the instrument was executed, when it thus appears that it was not even the intention of the signer that the settlement should be accurate and final, but under an oral agreement the terms of the instrument were to be varied and revised according to the true state of facts as might thereafter appear. *Dyar* v. *Walton,* 79 *Ga.* 466 (7 S. E. 220).

2. Under the rules of pleading obtaining in this State, all suits in the superior court shall be by petition, which shall plainly, fully, and distinctly set forth the ground of complaint and the demand. Civil Code (1910), § 5538. Another section of the code provides that where a written obligation to pay constitutes the basis of the cause of action, such writing shall be incorporated in or attached to the petition. Civil Code (1910), § 5541. A general rule of pleading in suits of this sort is laid down in 8 C. J. 863, as follows: "The amount claimed to be due from the adverse party must appear by direct averment, or by implication, in the body of the pleading, or in the prayer or demand for judgment, and with reasonable certainty. This is also true where a short form of complaint is used, setting out a copy of the instrument." This rule would not, however, seem to obtain under the decisions of this jurisdiction, where it appears to be true that if suit is brought on a note, a copy of which is attached, but the petition itself fails to state the amount claimed to be due on the obligation, the purport and intent of the suit should nevertheless be taken to set up as its demand the full amount indicated by the obligation, and even if the failure of the petition to set forth within itself the amount actually sued for could be taken as a defect, still such a lack would be curable by an amendment setting forth in the petition the amount actually claimed. *Carter* v. *Penn,* 79 *Ga.* 747 (4 S. E. 896); *McClendon* v. *Hernando Co.,* 100 *Ga.* 219 (28 S. E. 152). The precise question before us is, therefore, whether the general rule which prohibits a recovery in an amount larger than is claimed by the declaration (*Hunnicutt* v. *Perot,* 100 *Ga.* 312, 27 S. E. 787) would obtain where, as in

this case, the amount of the demand is by amendment increased so as to conform to that indicated by the note, a copy of which is attached as forming the basis of the suit. A variety of reasons could suggest themselves why a plaintiff might in fact see proper to bring suit for a lesser amount than the sum called for by the instrument itself; in addition to the matter of payment, it sometimes happens that the consideration of a note is based upon advances intended to be but not actually thereafter made, or it might happen that a plaintiff had, subsequently to the signing of a note, ascertained error in its execution, or in the terms of a previous settlement under which the note was given, whereby he would desire to limit his demand to an amount less than the one called for by the contract for payment.

If, therefore, the suit as originally filed plainly asserts as a matter of fact the amount actually claimed to be due on the obligation, is an amendment setting up a greater demand on the same obligation permissible? Unless the effect of such an amendment would be to add a new and distinct cause of action, there is nothing, under our rules of pleading, which would prevent it being made, since our code provides (Civil Code of 1910, § 5682): "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by." It is surprisingly difficult, however, to present specific authority for such a procedure, either under the rules as laid down by the text-book writers or by reason of any holding made by the courts of this or other jurisdictions. In *Huger* v. *Cunningham,* 126 *Ga.* 684 (4) (56 S. E. 64), it was held that "An allegation in a petition, that under the facts pleaded the plaintiff is entitled to recover a certain amount, is not an estoppel in judicio which precludes an amendment that under the same facts the plaintiff is entitled to a larger recovery." And in the opinion the court goes on to say that the original "allegations concerning this matter did not amount to an assertion of any fact, but stated merely a conclusion deducible from the facts alleged." In the present case, however, it would not seem that it could be properly said that the amount stated as the sum due on the note sued on follows as a conclusion from any facts set forth by the petition; but the averment thus made is really of itself a statement of fact, and not a conclusion

drawn from statements otherwise made. It appears, from a note attached to the certificate of the trial judge, that in allowing the amendment his purpose was "to make the note and the description of the note correspond." But it seems clear that the amount of the demand named by the petition does not in any way purport to be a description of the amount called for by the note. It merely alleges that the defendant "is indebted to petitioner in the principal sum of three thousand forty-six and 89/100 dollars, besides interest, . . on a note dated October 15th, 1915, and due October 1st, 1916, a copy of which is hereto attached and marked exhibit 'A.'" That is, he claims $3,046.89 on a note given for $3,946.89. If the averment could be interpreted to mean that the suit was for the amount of the note given in a named sum, a copy of which was attached, then even without deciding the point now before us, there could be no possible objection to permitting a palpable error to be thus corrected. Thus, the question gets back to the one we have stated; that is, where a petition, through error or otherwise, plainly asserts as a matter of fact the amount claimed to be due upon an obligation written in a larger sum, can an amendment be permitted, changing the amount of the alleged demand to a greater sum, but still within the amount called for by the instrument itself?

We see no reason why such an amendment is not permissible, since the purpose of the amendment is not to enable the plaintiff to recover upon another and different obligation than the one originally sued on, but it is made solely for the purpose of correcting an imperfect statement of his demand as originally made, under the same contract. Our Supreme Court has held that a suit on a note might be amended so as to make claim for the attorney's fees as provided for by the instrument (*Wingate* v. *Atlanta National Bank,* 95 *Ga.* 1, 22 S. E. 37; *Baxley Banking Co.* v. *Carter,* 112 *Ga.* 529, 37 S. E. 728); and that a claim for interest in like manner might be supplied (*Morrison* v. *Morrison,* 102 *Ga.* 170, 29 S. E. 125). The principle on which these decisions are based is that since the note declared on contained these provisions, an amendment praying for such a recovery does not constitute a new cause of action. The note is the "fact or transaction" set out as the basis of the cause of action, and is enough to amend by. See also *Roberts* v. *Leak,* 108 *Ga.* 806 (33 S. E. 995). In the case of

Drake *v.* Found Treasure Min. Co., 53 Fed. 474, it was held that "Amendments which change the date, or amount, or time of payment of a note, or add or strike out names of parties, are admissible for the purpose of correcting an erroneous statement or imperfect description of the note described in the original complaint, if the identity of the note is preserved, so as to show that the amended complaint is for the same cause of action." It does not even appear in that case that a copy of the note was attached, but the ruling is based upon the broad ground that since the identity of the note is not altered by the amendment, the cause of action remains the same. In 4 Standard Enc. Proc. 258 (12), the rule is stated as follows: "The declaration upon a bill or note should by allegation succinctly and distinctly set out the amount claimed, and in setting out the amount of a note it should be set out truly or the variance may be fatal, although generally such variance can be cured by amendment, there being no new cause of action." We therefore do not think that there was any error upon the part of the court in permitting the plaintiff to correct the error in his pleadings, by stating the true amount of his demand upon the same cause of action. The defendant, who was represented on the trial, claimed no surprise, and did not ask for a continuance on such ground. While the request to amend was by oral motion only, the presiding judge entered the following written order: "On motion of counsel for plaintiff, the first ground of petition is allowed to be amended, so as to read for the principal sum of $3,946.89, as shown by the note attached to and made a part of the petition. In open court, April 23d, 1917. William C. Worrill, J. S. C. P. C." This, we think, constituting as it does a part of the record of the case, meets the requirements of law just as completely as if the motion to amend had been in writing and the judge had simply passed his order of allowance.

  *Judgment affirmed. Wade, C. J., and Luke, J., concur.*