### 11452.   HINES, director-general, *v.* DUNCAN & NELMS.

JENKINS, P. J.   1. "An allegation in a petition, that under the facts pleaded the plaintiff is entitled to recover a certain amount, is not an estoppel in judicio which precludes an amendment that under the same facts the plaintiff is entitled to a larger recovery." *Huger* v. *Cunningham,* 126 *Ga.* 684 (4) (56 S. E. 64); *Wilson* v. *Bush,* 22 *Ga. App.* 83 (2) (95 S. E. 317); *Danielly* v. *Cheeves,* 94 *Ga.* 263 (21 S. E. 524).

2. A suit for damages against a railway company on account of the unauthorized and careless manner in which stock was unloaded from an improvised scaffold may be amended by specifically charging negligence in not having provided safe and suitable facilities for unloading. *Augusta & Summerville R. Co.* v. *Dorsey,* 68 *Ga.* 228; *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318).

3. Where one of the issues was as to the negligence of the defendant in

failing to provide suitable facilities for unloading stock, the fact that precautions may have been taken by the defendant after the injury, in constructing improvements for that purpose, can not justly be taken as an admission of prior negligence; and it was error to allow such proof, over the defendant's objection. *Georgia So. R. Co.* v. *Cartledge,* 116 *Ga.* 164 (42 S. E. 405); *Harrell* v. *Forsyth County,* 137 *Ga.* 550 (73 S. E. 735).

4. The contract of affreightment, which was introduced in evidence, did not attempt to relieve the carrier from liability for negligence; and while the charge of the court in reference to the invalidity of any such attempt was correct as an abstract proposition of law, still, since this portion of the charge was not authorized by the evidence, it was probably misleading to the jury and may have been harmful to the defendant. *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411).

*Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED OCTOBER 19, 1920.

Action for damages; from Madison superior court — Judge W. L. Hodges. March 3, 1920. ·

The action was for damages on account of alleged injuries to two mules of a carload of mules shipped by the plaintiffs over a railroad controlled and operated by the defendant as director-general of railroads. The petition alleged, that when the car of mules arrived at the station to which it was shipped, the depot agent of the railroad company undertook to unload the mules in the absence of the plaintiffs or their agents; that there was no stock-pen at the station, and the agents of the railroad company undertook to unload the mules by a scaffold or approach to the car, temporarily constructed, and in thus unloading them two of the mules were allowed to fall through to the ground and received described injuries, to the damage of the plaintiffs in the sum of $150, and that "said damage was caused by negligent acts of defendant company through its agents." The court, on demurrer, struck an item of $40, included in the damages sued for, and there remained an allegation that the injuries to the mules "reduce the actual as well as market value of said mules in the . . sum of $110." To this was added, by amendment at the trial, an allegation that "the damage to said mules at the time of injury, reducing the market value of said mules, said mules sustaining the injuries herein alleged, was the sum of . . $300.00, said mules being cut, bruised, and sprained by falling from the scaffold in being removed from the car, the

original amount being based on damages later than at the time of injury." The amendment was allowed over the following objections: (1) It is not permissible to enlarge the amount of damages claimed; (2) the amendment does not set forth what were the injuries to the mules; (3) no injuries not known at the time of filing the suit are set forth in the amendment; (4) it is not permissible to increase the amount without alleging additional damages or injuries to the mules, unknown to the plaintiffs at the time of filing the suit, or without showing some other reason for increasing the amount.

The petition was further amended during the trial as follows: " Said railroad company, the defendant, was negligent in not maintaining a stock-pen at said station of delivery, and was further negligent in the manner of unloading said stock." This amendment was allowed over the objections: (1) The amendment sets forth no cause of action in so far as it alleges that the defendant was negligent in not maintaining a stock-pen at the station of delivery; (2) there was no legal duty on the carrier to maintain such a stock-pen; (3) it is not alleged that the defendant failed to provide safe and proper facilities, or a safe and proper place, for unloading the mules; (4) the amendment attempts to add a new and distinct cause of action.

The trial of the case resulted in a verdict against the defendant for $200. Exception was taken to the rulings stated above and to the overruling of the defendant's motion for a new trial. In the motion complaint was made as to the admission of testimony to the effect that after the mules were injured, a stock-pen was placed at the station where the injury occurred; this testimony being admitted over the objection of the defendant that it was irrelevant.

After charging the jury as to the contract of affreightment, which had been introduced in evidence by the defendant, that "it fixed the rights of the parties relating to this shipment," the court charged as follows: " Their rights and liabilities consist of such rights and liabilities as the law imposes upon the parties, and one of the liabilities under the law is that no railroad company can contract against their own negligence or against its own negligence. It is immaterial what contract the railroad company enters into, it can not contract away liability for its own negligence to the public.

So, in consideration of this contract, you should consider it in the light of that law that I have given you in charge." In the motion for a new trial it is alleged that the court erred in this part of the charge because these instructions were not authorized by the pleadings or the evidence, and " amounted to an expression that the defendant had attempted to contract away liability for its own negligence."

*Erwin, Erwin & Nix, Berry T. Moseley,* for plaintiff in error.
*Clarence E. Adams,* contra.