### 17854.   GEORGIA, FLORIDA & ALABAMA RAILWAY COMPANY v. WELLS.

1. "Where instructions are given that are not warranted by the evidence and are calculated to mislead and confuse the jury, the error requires a new trial."
2. "Where the entire charge is not sent up in the bill of exceptions or in the record, and the portion of the charge excepted to is error, without qualification, and when the judge who tried the case makes no statement in his certificate which shows that it was qualified by other parts of the charge, this court will presume that there was no qualification."

> DECIDED APRIL 12, 1927.

---

Appeal and Error, 4 C. J. p. 768, n. 24; p. 769, n. 40.

New Trial, 29 Cyc. p. 786, n. 87; p. 787, n. 90, 92.

Trial, 38 Cyc. p. 1618, n. 36; p. 1620, n. 39; p. 1621, n. 44.

Damages; from city court of Bainbridge—Judge Spooner. December 4, 1926.

W. H. Wells sued the Georgia, Florida & Alabama Railway Company, alleging that two of his mules, each of the value of $125, had been run over and killed by a freight-train of that company, which was operated in a negligent manner. The evidence showed that when killed the mules were about 150 yards apart. The jury returned a verdict for $125. The railway company filed a motion for a new trial, which was overruled, and the movant excepted.

*A. B. Conger,* for plaintiff in error. *Vance Custer Jr.,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The motion for a new trial contains three excerpts from the charge of the court, all of which are alleged to be error. We will discuss two of these only. They are: (*a*) "Should you find from the evidence, find that it has been shown to your satisfaction, that on the occasion alleged, that this railroad, by its employees, were operating this train, and was operating at such speed that they did not have it under proper control as required by law, did not have it under such control that they could bring it to a stop in a case of emergency, or if they were guilty of any acts of negligence that would produce the results of such damage, you ought to find for the plaintiff in the case." (*b*) "Should you find, on the other hand, that by the use of ordinary care and diligence he could have avoided killing the first mule, that it was a fault of his by not looking ahead, he would be responsible for the killing of that mule. If, after he had killed the first mule and saw the second mule, should you find he had his train running at an excessive rate of speed and he failed to use ordinary care and diligence in applying his brakes, or whatever appliance was necessary, that he ran over the second mule without the use of ordinary care and diligence, he would be responsible for killing that animal." Each of the foregoing excerpts is alleged to be error because each submitted to the jury issues not made by the evidence, and each would tend to confuse and mislead the jury. The entire charge was not sent up. The judge who tried the case did not make any statement in his certificate which would show that the portions of the charge to which exceptions were filed were qualified by other parts of the charge, and, under the ruling in the case of *Central Railroad* v. *Senn,* 73 *Ga.* 705 (5), this court will presume that

there were no such qualifications. See *Armour Fertilizer Works* v. *Dwight,* 22 *Ga. App.* 144 (4 *a*) (95 S. E. 746). So we must consider these excerpts just as they appear in the record, unaided by any help from the entire charge and without any qualification by the judge. When each is so considered it is erroneous and shows material error. As alleged in the motion, each of these excerpts submits issues not made by the evidence, and each was calculated to mislead and confuse the jury. "Where instructions are given that are not warranted by the evidence and are calculated to mislead and confuse the jury, the error requires a new trial." *Sherman* v. *Stephens,* 30 *Ga. App.* 511 (10) (118 S. E. 567), and cit.; *Stiles* v. *Shedden,* 2 *Ga. App.* 317 (3), 321 (58 S. E. 515); *Park* v. *Chipstead,* 20 *Ga. App.* 38 (92 S. E. 350). Even though a charge may contain a correct statement of an abstract principle of law, but which is not applicable to the evidence and tends to mislead the jury and prejudice the rights of one of the litigants, it is reversible error. *Nalion* v. *Jones,* 3 *Ga. App.* 83 (3) (59 S. E. 330); *Hines* v. *Duncan,* 25 *Ga. App.* 712 (3) (104 S. E. 519); *Redd* v. *Lathem,* 32 *Ga. App.* 214 (3), 221 (123 S. E. 175). In this case the excerpts complained of in the motion probably confused and misled the jury, and for this reason a new trial should have been granted.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*