**OTIS ELEVATOR CO. v. UNITED STATES.**

District Court, S. D. New York.

Jan. 18, 1937.

Samuel C. Coleman, of New York City, for plaintiff.

Lamar Hardy, U. S. Dist. Atty., of New York City (Malcolm A. Crusius, Asst. U. S. Atty., of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The suit is one under the Tucker Act, 28 U.S.C.A. § 41 (20), to recover against the United States on an alleged account stated. The petitioner's position in the pleadings is that by correspondence and by certificate of overassessment the Commissioner of Internal Revenue stated an account relative to income tax payments that showed a balance in favor of the petitioner, as in Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018. The amount originally demanded in the petition was $8,319.02, with interest from December 15, 1931; by amendment at the trial the petitioner enlarged its claim to $9,903.03, with interest from December 15, 1931. The suit was commenced October 3, 1934. After trial and submission on the merits, the court suggested a doubt of jurisdiction to entertain the suit. Supplemental briefs on that point have been taken.

By the Tucker Act, suits against the United States may be brought in the District Court on "all claims not exceeding $10,000," when founded on the Constitution, laws of Congress, regulations of the departments, contracts express or implied. By the amendment of November 23, 1921, suits against the United States may also be maintained for the recovery of internal revenue taxes alleged to have been erroneously collected "even if the claim exceeds $10,000," where the collector by whom the tax was collected is dead or not in office at the time the suit was commenced.

■ The District Court has no jurisdiction under the Tucker Act to hear a case against the United States on account stated where the amount involved exceeds $10,000. Such a suit is plainly outside of the general scope of the act, because it involves more than $10,000. It is also outside of the amendment of November 23, 1921, permitting the maintenance of suit exceeding $10,000 where the claim is for recovery of internal revenue tax and where the collector collecting the tax is dead or out of office; this because that amendment embraces only cases that might have been brought against the collector if still in office, and a suit on account stated could not have been brought against the collector. These propositions were settled by Moses v. United States, 61 F.(2d) 791 (C.C.A.2), certiorari denied 289 U.S. 743, 53 S.Ct. 689, 77 L.Ed. 1490.

■ The present suit being one on account stated, the remaining question is whether it is on a claim "not exceeding $10,000." Though the principal sum demanded is less than $10,000, interest at 6 per cent. for nearly three years prior to commencement of suit is also demanded, and the total sum for which relief is sought, including interest, is in excess of $10,000. I have no doubt that in determining whether a claim is one "not exceeding $10,000," account must be taken of any interest demanded by the petitioner as part of his claim. If Congress had intended that a claim of interest should be excluded in determining the jurisdictional limit of $10,000 under the Tucker Act, it would have used apt words to indicate the exclusion. This is quite evident when we consider the history of the general statute granting jurisdiction to the District Court in civil suits, now subdivision (1) of section 41 (28 U.S. C.A.). Prior to the Act of March 3, 1887, the jurisdiction was of suits where the matter in dispute "exceeds, exclusive of costs" the sum of $500 (18 Stat. 470). Interest was not excluded by specific words, and it was well understood that in determining the jurisdictional minimum any interest demanded should be included along with the principal sum. Roberts v. Nelson, Fed.Cas.No.11,907, 8 Blatchf. 74. The Act of March 3, 1887 (24 Stat. 552), fixed the minimum at $2,000, "exclusive of interest and costs," and the exclusion of interest and costs from the jurisdictional measure has persisted ever since. The Tucker Act was enacted on the same day, March 3, 1887 (24 Stat. 505), and in specifying a maximum limit of $10,000 made no mention of in-

terest. The inference is impelling that under the Tucker Act a claim which with interest amounts to more than $10,000 is a claim exceeding $10,000. The present case would be quite different of course if the petitioner had waived recovery of interest.

■ It is a rule of general recognition that where a statute limits the jurisdiction of a court to suits on claims not in excess of a specified amount, without mention of interest either way, there is no jurisdiction where the plaintiff demands both principal and interest and the aggregate demand exceeds the statutory maximum. The fact that the principal alone is less than the limit is of no moment. Insley v. Jones, L.R. 4 Ex. 16; Baxley Banking Co. v. Carter, 112 Ga. 529, 37 S.E. 728; Juster v. Court of Honor, 120 Minn. 325, 139 N.W. 701; Halpern v. Langrock Bros. Co., 169 App.Div. 464, 155 N.Y.S. 167.

■ The United States answered on the merits, and the United States attorney stipulated that the court had jurisdiction. But these matters do not confer jurisdiction. Jurisdiction over a suit against the United States does not exist unless there is specific congressional authority for it. Nassau Smelting Works v. United States, 266 U.S. 101, 45 S.Ct. 25, 69 L.Ed. 190; United States v. Turner, 47 F.(2d) 86 (C. C.A.8).