### 27809. EARNEST *v.* THE STATE.

*Erwin & Allen,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

MacINTYRE, J. The indictment against Asa Earnest alleged that he "did then and there, unlawfully and with force and arms, squat and settle and remain on the inclosed lands of H. M. Hamrick, to wit: commencing at corner of Holsonback and Wofford, running original line 80 feet, thence south 253 feet to street, thence west 80 feet, thence north 253 feet to starting point, with no bona fide claim of title thereto, and without the consent of the owner, H. M. Hamrick; and did tear down and destroy 353 yards of net wire fence erected around said property, being the property of H. M. Hamrick, and without the consent of the owner, the said H. M. Hamrick." The entire charge to the jury was not sent up with the record. The judge certified that he charged them as follows: "If you find that the defendant, Asa Earnest, wilfully entered upon the lot of the witness, H. M. Hamrick, and erected a fence on Hamrick's land after being personally forbidden so to do by him, you should find the defendant guilty." The verdict was: "We, the jury, find the defendant guilty."

The Code declares as follows: "The following shall be deemed and held to be trespass and indictable, to wit: . . 3. The pulling down or removing any fence or inclosure of another without the consent of the owner. 4. The squatting or settling upon the land, inclosed or uninclosed, of another, whether public or private, with no bona fide claim or color of title and without the consent of the owner." Code, § 26-3001: "Any person who shall wilfully enter, go upon, or pass over any field, orchard, garden, or other inclosed or cultivated land of another, after being personally forbidden so to do by the owner or person entitled to the possession for the time being, or authorized agent thereof, shall be guilty of a misdemeanor." § 26-3002. It will thus be seen that the indictment charges a violation of § 26-3001 in two ways, one by violation of paragraph 3, and one by violation of paragraph 4 of that section. Proof of a violation of either, as

alleged in the indictment, will support a conviction. *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622) ; *Hall* v. *State,* 8 *Ga. App.* 747, 750 (70 S. E. 211). The entire charge was not sent in the record to this court. · The portion of the charge excepted to is: "If you find that the defendant, Asa Earnest, wilfully entered upon the lot of the witness, H. M. Hamrick, and erected a fence on Hamrick's land after being personally forbidden so to do by him, you should find the defendant guilty." The verdict was: "We, the jury, find the defendant guilty." There is no statement in the judge's certificate that quoted instruction was qualified by other parts of the charge to the jury. This instruction was error in that there was nothing in the indictment to authorize it. It might have been applicable if the defendant had been charged with a violation of the Code, § 26-3002. Even though an instruction contains a correct statement of an abstract principle of law, yet where it is not applicable to the charge in the indictment, and there is some evidence which might be construed by the jury as authorizing a verdict under the abstract statement, and the charge tends to mislead and confuse the jury and to prejudice the rights of the defendant, it is not only error, but harmful and reversible error, so to charge. The instruction submitted to the jury issues not made by the indictment, and in the instant case was reversible error. *Central Railroad* v. *Senn,* 73 *Ga.* 705 (5) ; *Armour Fertilizer Works* v. *Dwight,* 22 *Ga. App.* 144 (4-a) (95 S. E. 541) ; *Georgia, Florida & Alabama Railway Co.* v. *Wells,* 36 *Ga. App.* 626 (137 S. E. 856).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*