10570.  WESTERN UNION TELEGRAPH Co. *et al. v.* SPENCER.

JENKINS, P. J. 1. Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them on demurrer, except in plain and indisputable cases. In this case it can not be said that the allegations of the plaintiff's petition as amended show, as a matter of law, that no other legal conclusion could be reached than that the plaintiff's injuries were the result of his failure to exercise ordinary care, or that by the exercise of such care the consequences of the defendant's alleged negligence could have been avoided. See *R. & D. Railroad Co. v. Howard,* 79 *Ga.* 44 (3 S. E. 426); *International Cotton Mills v. Webb,* 22 *Ga. App.* 309 (4), 310 (96 S. E. 16). The court therefore did not err in overruling the general demurrer. Such of the special grounds of demurrer as were meritorious were properly met by an appropriate amendment. See *Charleston &c. Railway Co. v. Lyons,* 5 *Ga. App.* 668 (63 S. E. 862); *Charleston Railway Co. v. Boyd,* 5 *Ga. App.* 137 (62 S. E. 714); *Atlantic Coast Line R. Co. v. Burroughs,* 20 *Ga. App.* 197 (92 S. E. 1010).

2. "An exception based upon the refusal of the court to award a non-suit will not be considered, where, subsequent thereto, the case is submitted to the jury, and, a verdict being rendered against the defendant, a motion 'for a new trial is made which presents the complaint that the verdict is contrary to evidence and without evidence to support it." *Dudley* v. *Isler*, 21 *Ga. App.* 615 (94 S. E. 827).

3 "The refusal to direct a verdict is not error in any case." *Dudley* v. *Isler*, supra.

4. Under the undisputed evidence in this case, the crossing at which the plaintiff is alleged to have been injured was one maintained over the defendant's tracks and near its depot, and the road was used in unloading freight from cars to wagons, and in loading cars from wagons, and had also been used by the public generally, in traveling on foot, and by "automobiles, wagons, log carts, buggies—any kind of vehicles that travel the roads," for 20 or 25 years. The court therefore did not err in charging the jury, "If you should find from the evidence that he [plaintiff] was on the crossing, at a public crossing—not necessarily a public road crossing—that is to say, that he had a right to cross at that place, and for the purpose of crossing he was where he had a right to be, he was not a trespasser."

5. The court charged the jury that "Where an adult or grown person, apparently able to take care of himself, is upon a railroad-track, employees engaged in the operation of trains and cars have a right to assume, in the absence of anything to the contrary, that such person will get off the track, or take such other precautions as may be available, to avoid injury to himself, and the employees engaged in the operation of trains and cars have the right to act upon this presumption." Immediately following this portion of the charge, the court charged the jury as follows: "I charge you, however, further, in that connection, that before the plaintiff in this case could be chargeable with neglect, he must first be made aware of the danger that is approaching, and until it is brought home to him, notice of the danger, then, until then, the charge as I have just then given to you would not apply." To thus qualify and restrict the excerpt from the charge first quoted was, we think, erroneous. "A railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track." *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802). The duty therefore rested upon the plaintiff not only to exercise ordinary care to avoid injury to himself from dangers *known* to him to exist, but, being in a place of danger, he was also bound to use that degree of care and caution which an ordinarily prudent person would exercise under similar circumstances to discover approaching danger, and thereafter avoid the same. *Western & Atlantic R. Co.* v. *Ferguson*, supra; *Western & Atlantic R. Co.* v. *York*, 128 *Ga.* 687 (58 S. E. 183); *Central Railway Co.* v. *Larsen*, 19 *Ga. App.* 413, 417 (91 S. E. 517). The charge as given was not in accord with the principles here announced, and, the case being a close one upon the facts, the charge can not be treated as harmless error, even though the court did in other portions of the charge properly instruct the jury

as to the general duty devolving upon the plaintiff of exercising ordinary care.

6. The plaintiff brought his suit jointly against the Western Union Telegraph Company and the Seaboard Air-Line Railway, for injuries alleged to have been sustained by reason of negligent operation of the motorcar which occasioned the injury, by a servant of the telegraph company over the tracks of the railway company. Where, without express legislative authority, a railroad company permits another person to run cars over its railway, and thus to use its franchise, it is liable for any injury done as though the company owning the road were itself running the cars. *Macon & Augusta R. Co.* v. *Mayes,* 49 *Ga.* 355; *Georgia Railroad Co.* v. *Haas,* 127 *Ga.* 187, 193. Thus, the court did not err in giving in charge to the jury the provisions of section 2780 of the Civil Code (1910) relating to the presumption of negligence, it having at the same time specifically instructed the jury that these instructions applied only to the railway company, and that they did not apply to the defendant telegraph company. The court, in thus limiting the application of the charge as given, brought itself within the rulings announced by the Supreme Court in *L. & N. Railroad Co.* v. *Hames,* 135 *Ga.* 67 (2), and *L. & N. Railroad Co.* v. *Barrett,* 143 *Ga.* 742.

7. There was sufficient evidence to authorize the verdict; but the verdict as rendered was not demanded, and, because of the error in the charge of the court pointed out above (paragraph 5), the judgment overruling the motion for a new trial is

*Reversed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 19, 1919.

Action for damages; from city court of Hinesville—Judge W. C. Hodges. March 27, 1919.

*Bolling Whitfield, N. J. Norman, William L. Clay,* for plaintiffs in error.

*O. C. Darsey, Oliver & Oliver,* contra.