11040. AMERICAN AGRICULTURAL CHEMICAL CO. *v.* RYAN, administrator.

JENKINS, P. J. 1. "Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them on demurrer, except in plain and indisputable cases. In this case it can not be said that the allegations of the plaintiff's petition as amended show, as a matter of law, that no other legal conclusion could be reached than that the plaintiff's injuries were the result of his failure to exercise ordinary care, or that by the

exercise of such care the consequences of the defendant's alleged negligence could have been avoided." *Western Union Telegraph Co.* v. *Spencer*, 24 *Ga. App.* 471 (101 S. E. 198), and cit.

2. Applying the foregoing principle of law to the petition as amended, the court did not err in refusing to dismiss it on demurrer.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED APRIL 8, 1920.

Action for damages; from Chatham superior court — Judge Meldrim. September 18, 1919.

From the petition it appears that the plaintiff, in the discharge of his duty as an employee in the defendant's manufacturing plant, was flushing out a nitrate tank with water from a hose, when he became asphyxiated with fumes from an open receptacle or reservoir, known as a boot, the top of which was flush with the floor, at a distance of a few feet from the tank, and into which the accumulations of nitrate from the bottom of the tank were thus washed through a pipe; that in his asphyxiated condition he sat down near a puddle of acid and his clothes became saturated and he was burned by the acid, and he suffered serious injuries from the asphyxiation as well as from the burning by the acid. The defendant's foreman Williams, whom it was his duty to obey, had told him to wash out the nitrate tank, and he (the plaintiff) instructed his coemployee Shorter to cover the boot with a bag, in order to prevent the fumes from arising. It was Shorter's duty to cover the boot as directed by him, but the foreman, Williams, who was in authority over both of them, instructed Shorter to hold up the hose instead of covering the boot with a bag. This the plaintiff did not know and could not by the use of ordinary care have ascertained, and, supposing that Shorter had covered the boot, he continued to flush the tank until, before he was aware of it, the fumes arising from the boot had rendered him dazed and partly unconscious. Another employee told Williams that something was wrong with the plaintiff, and when the plaintiff sat down near the puddle of acid this coemployee urged Williams to get him away from the acid, as he was certainly going to be injured. It is alleged that Williams did not render ordinary care for his protection, and because of his proximity to the acid his clothes became saturated with it as stated above; that finally Williams, leaving him in his overcome condition in a dangerous situation, went off and called up a

police ambulance and said that he had a crazy man out there, to come get him; and that Williams permitted him to be carried to the police barracks, where he was permitted to remain several hours and until his wife found him, at which time he was sent to a charity hospital for treatment. ·It is alleged that his injuries were due to negligence of the defendant; that it was negligent in not furnishing a safe place and safe and suitable means and appliances for his work; and that through its foreman Williams it was negligent in various specified acts and omissions as stated above. By amendment it is alleged that when the plaintiff was flushing the tank his back was turned to the boot, and for this reason he could not see that his coemployee Shorter, whose duty it was to place the sack over the boot, had not done so; that he was intently engaged in his work and in watching the process of flushing out the tank; that it was necessary that he should stoop down and have his face on or about the level of the top of the tank and look over its side; that it was impossible for him to see that any fumes were arising from the boot, because the fumes were invisible, and there was nothing to indicate that they were arising and enveloping him to such an extent as to cause injury; that although he noticed a slight odor of gas, he considered that it arose from the tank and would not be sufficient to injure him, as he had never suffered injury from that cause before.

*Seabrook & Kennedy,* for plaintiff in error.

*Oliver & Oliver,* contra.