26636. HODGE *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED MARCH 3, 1938.

*Ringel & Ringel, Krauss & Strong,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

BROYLES, C. J. The exception here is to the judgment denying the appeal of Mrs. Ethel S. Hodge from the finding of the Department of Industrial Relations refusing her compensation for the alleged accidental death of her husband, Randall Hodge. The claimant testified in substance that her husband left their home at about 12:30 p. m. on Thursday April 17, 1936, in good health, to work for Harvey J. Barnwell Company, and that she never saw him again until he returned at about 5:30 o'clock on the same day sick and vomiting blood, and told her that "he got hurt on the job" at about three o'clock in the afternoon in lifting a cement trough; that his shoulder was skinned and he went to bed with fever and continued to vomit; that he got up next morning and said "he was going to try and go back to work," but returned home after staying on the job until ten or eleven o'clock and went back to bed; that his condition grew worse and Saturday morning she called a doctor who treated him until he died the following Thursday morning; and that she "stayed home during the entire day," and "didn't see him while he was at work." The family physician, who attended the deceased during his last illness, testified in effect that it was his opinion that Randall Hodge died from "typical flu-pneumonia," which did not result from the alleged accident.

The first alleged error is the ruling out of the claimant's testimony to the effect that her husband told her that "he got hurt on the job" at about three o'clock in the afternoon lifting a cement trough. Counsel for the plaintiff in error contend that this testimony was admissible as a part of the res gestæ. Was it? Ordinarily, hearsay evidence is inadmissible (Code, § 38-301), and without probative value. *Eastlick* v. *So. Ry. Co.,* 116 *Ga.* 48 (42 S. E. 499) ; *Bolton* v. *Columbia Casualty Co.,* 34 *Ga. App.* 658, 661 (130 S. E. 535) ; *Jones* v. *State,* 50 *Ga. App.* 97 (176 S. E. 896). One of the exceptions to the general rule is: "Declarations

accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestæ." Code, § 38-305. In *Mitchum* v. *State*, 11 *Ga.* 615, Nisbet, J., discusses "the philosophy of the res gestæ." On page 627 of that decision, he said: "If the declarations appear to spring out of the transaction—if they elucidate it—if they are voluntary and spontaneous, and if they are made *at a time so near to it,* as reasonably to preclude the idea of deliberate design, then are they to be regarded as contemporaneous." In *W. & A. R. Co.* v. *Beason,* 112 *Ga.* 553, 557 (37 S. E. 863), the court said: "The real test is: were the declarations a part of the occurrence to which they relate, or were they a mere narrative concerning something which had fully taken place and had therefore become a thing of the past?" So far as the record discloses, the statements objected to were made deliberately about two and one-half hours after the decedent was injured, and were a mere narrative of a past occurrence of which they were not a part, and were self-serving declarations. The evidence was not a part of the res gestæ and was properly rejected as hearsay. With this conclusion we are well satisfied; but, even were it wrong, the testimony of the doctor, who treated Randall Hodge during his last illness, to the effect that his death did not result from the alleged accident, was the only direct evidence bearing upon that question and there appears no reason to discredit it. We hold that the record discloses no reversible error, and affirm the judgment denying the appeal. See *Bolton* v. *Columbia Casualty Co.,* supra.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*