35777. ATLANTIC COAST LINE RAILROAD COMPANY
*et al. v.* MARSHALL.

Decided October 26, 1955—Rehearing denied December 7, 1955.

*Peacock, Perry, Kelley & Walters,* for plaintiffs in error.

*H. P. Burt, Burt & Burt,* contra.

FELTON, C. J. ■ The court did not err in overruling the motion for a judgment notwithstanding the verdict and in overruling the general grounds of the motion for a new trial. The principal witness for the plaintiff in this case was Clyde V. Clements, the driver of the automobile in which the plaintiff was riding. The railroad insists that the testimony of Clements was contradictory and inconsistent on the question whether the smoke, haze or fog so affected visibility on the night in question as to make it impossible or extremely difficult for the driver to see the railroad car on the crossing for a distance of 500 feet or less so as to place a duty on the railroad of giving some additional warning to motorists of the presence of the car on the crossing. On direct examination Mr. Clements testified that the haze or fog prevented him from seeing 500 feet ahead and that he did not see the train as soon as he turned on his bright lights. On cross-examination he testified that the fog was not heavy enough to interfere with his seeing any distance. His testimony as to when he first observed the fog and how far he was from the crossing at the time was contradictory and confusing. In Mr. Clements' own case this court held by a majority ruling that the jury was authorized to find for the plaintiff. See *A. C. L. R. Co.* v. *Clements,* 92 *Ga. App.* 451 (88 S. E. 2d 809). In this case, where Mr. Clements' testimony is no more contradictory and confusing than it was in his own case, and where the rule of the construction of Mr. Clements' testimony (he not being a party) is more favorable to the plaintiff, it cannot be said as a matter of law that a verdict was demanded for the railroad. It was the province of the jury to construe and reconcile the testimony of Mr. Clements and arrive at its meaning.

■ The fourth ground of the amended motion for a new trial excepts to the charge of the court on the ground that the court so often repeated certain principles of law which were favorable

to the plaintiff that the charges amounted to an expression of opinion by the court and constituted an argument by the court in favor of the plaintiff on the questions involved in the charges excepted to. One of the charges complained of was given over a dozen times. It is always difficult to decide when repetitious charges are harmful. As this case is to be tried again we are not going into that question in this case. The court does feel that it should make the observation for the benefit of bench and bar that care should be exercised to see to it that requested charges on the same point should not subject the court's charge to the criticism that it is unduly repetitious. The fact that one instruction is unduly stressed would not immunize the charge from criticism merely because one party happened to request the repetitious charges. It is the trial court's duty to see that the charge is fair in any and all events.

■ There is no merit in ground five of the amended motion for a new trial.

■ It was error for the court to give the charge complained of in ground six of the amended motion. This exception is governed by the ruling in a companion case, *A. C. L. R. Co.* v. *Clements,* supra, which deals with a similar charge.

■ Special ground seven of the amended motion for a new trial complains that the court erred in charging: "I charge you, gentlemen of the jury, that a railroad company shall keep in order, at their expense, the public roads or private ways, established pursuant to law where crossed by their several roads, according to a spirit of the road laws. Such crossings shall include the width of land on both sides of the road allowed by charter or appropriated by the company therefor, and as many feet beyond each way as is necessary for the traveler to get on and off crossings safely and conveniently. In other words, gentlemen of the jury, the defendant owed the plaintiff the duty to keep the approaches of the Mock Crossing in good order." It is contended that the charge was authorized and adjusted to the evidence because the evidence showed that at the time of the collision loose gravel was present upon the approaches to the railroad crossing. The charge was not error. The purpose of Code §§ 94-503 and 94-504 is to require the maintenance of crossings and approaches thereto in such a condition as is "necessary for a traveler to get on and off

the crossing safely and conveniently." *Central of Ga. Ry. Co.* v. *Dumas,* 44 *Ga. App.* 152, 154 (8) (160 S. E. 814) ; *Pollard* v. *Boatwright,* 57 *Ga. App.* 565, 573 (5) (196 S. E. 215) ; *Atlantic Coast Line R. Co.* v. *Spearman,* 42 *Ga. App.* 536 (1) (156 S. E. 824). It was a question for the jury whether the presence of loose gravel on the approaches to the crossing in this case rendered it unsafe and inconvenient for a traveler to get on and off the crossing. The writer dissents from this ruling. See dissent in *Atlantic Coast Line R. Co.* v. *Clements,* supra, p. 463.

■ As the case is to be tried again, no ruling will be made on the sufficiency of the evidence to authorize a finding of permanent disability.

■ Grounds nine and ten complain of the admission of the testimony of physicians which included statements made by the plaintiff to the physicians as to pains and symptoms, the statements not being involuntary expressions of pain and suffering and not in response to manipulation or manual examination or treatment and opinions based on such statements. The court erred in admitting such testimony in evidence. *Atlanta Street R. Co.* v. *Walker,* 93 *Ga.* 462 (2) (21 S. E. 48) ; *Broyles* v. *Prisock,* 97 *Ga.* 643 (4) (25 S. E. 389) ; *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (11) (49 S. E. 818) ; *Georgia Ry. &c. Co.* v. *Gilleland,* 133 *Ga.* 621 (2) (66 S. E. 944).

■ Ground eleven complains of the admission in evidence of a statement made by a detective of the railroad to the effect that "it looked bad for the railroad." Even if it had been proved that the detective was sent by the railroad to inspect the premises and ascertain facts with reference to the collision, it was not a part of his duties to publicly express such an opinion as to the cause of the collision. Code § 4-315; *Wright* v. *Georgia R. & Bkg. Co.,* 34 *Ga.* 330; *Bazemore* v. *MacDougald Construction Co.,* 85 *Ga. App.* 107 (68 S. E. 2d 163) and cases cited; *East Tenn., Va., & Ga. Ry. Co.* v. *Johnson,* 85 *Ga.* 497, 498 (3) (11 S. E. 809). Furthermore the witness testified that the detective explained what he meant by the statement by saying that it looked bad for the railroad in all wrecks he ever investigated. It was error to admit the testimony of the witness as to the detective's statement.

The court did not err in overruling the motion for a judgment notwithstanding the verdict and in overruling the general grounds of the motion for a new trial.

138

The court erred in overruling the amended motion for a new trial on the special grounds.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*