36418. GROOMS *v.* PACIFIC EMPLOYERS INSURANCE CO., *et al.*

DECIDED JANUARY 8, 1957.

Edward W. Killorin, James C. Hill, Robert R. Richardson, Gambrell, Harlan, Russell, Moye & Richardson, for plaintiff in error.

Harry E. Monroe, contra.

NICHOLS, J. 1. The testimony of the physician who first treated the claimant, with reference to the history of the claimant's alleged injuries related a narrative of the event given him by the claimant and was hearsay and without probative value although admitted without objection, as were the statements related by this physician as to "what the claimant said he could feel" when the claimant's feet were pricked with pins and when his legs were touched with a pitcher containing ice water. See in this connection, *Augusta & Summerville R. Co.* v. *Randall*, 79 *Ga.* 304 (4 S. E. 674); *Poole* v. *East Tenn., &c. Ry. Co.*, 92 *Ga.* 337 (17 S. E. 267); *Roach* v. *W. & A. R. Co.*, 93 *Ga.* 785 (1) (21 S. E. 67); *Hodge* v. *American Mutual Liability Ins. Co.*, 57 *Ga. App.* 403 (195 S. E. 765); *Merritt* v. *Continental Casualty Ins. Co.*, 65 *Ga. App.* 826 (16 S. E. 2d 612); *Goodwyn* v. *Central of Ga. Ry. Co.*, 2 *Ga. App.* 470 (1) (58 S. E. 688); *Atlantic Coast Line R. Co.* v. *Marshall*, 93 *Ga. App.* 134 (91 S. E. 2d 96).

2. In the present case where the claimant was seeking to recover for an injury to his back which allegedly arose out of and in the course of his employment, and where he was the only witness to testify that he had received an injury as contended, and his testimony as to material issues was impeached, it cannot be said that the board was without authority to find that he had failed to carry the burden of proving that he had sustained an injury arising out of and in the course of his employment. The weight to be given to testimony after a witness, or a party, has been impeached is for the determination of the fact-finding tribunal. See, *Swift & Co.* v. *Hall*, 94 *Ga. App.* 239 (94 S. E. 2d 145), and cases cited.

Therefore, the Superior Court of Glynn County did not err in affirming the award of the full board denying compensation to the claimant.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*