38436. ROGERS *et al.* v. SWINKS.

DECIDED SEPTEMBER 27, 1960.

*Huie, Etheridge & Harland, W. Stell Huie,* for plaintiffs in error.

*Walter E. Baker, James R. Venable,* contra.

NICHOLS, Judge. The special grounds of the amended motion for new trial assign error on the following excerpt of the court's charge: "In this case the defendants have filed a plea of total

failure of consideration. While a plea of total failure of consideration includes partial failure of consideration there must be evidence introduced showing the extent to which the consideration has failed before a verdict can be rendered giving the defendant the benefit of a partial failure. In this case there is no evidence as to value other than full contract price, therefore, unless you find the work done and materials furnished to be totally worthless or not reasonably suited for the purposes intended, then you must find a verdict for the plaintiff in the amount of the contract. If you find the work done and the materials furnished was of no value or was not reasonably suited for the purposes intended, then you must find a verdict for the defendants."

The defendants contend that such charge amounted to the expression of an opinion as to what had been proved, and instructed the jury to find, unless it was determined that the work done was worthless, for the plaintiff in the full amount of the contract, when a verdict for the plaintiff for only a part of the contract price was authorized by the evidence.

The charge complained of without question instructed the jury that it must find either that there had been no failure of consideration or that there had been a total failure of consideration, and it thus removed from the jury's consideration any question as to a partial failure of consideration.

In *Georgia Fla. & Ala. Ry. Co. v. Wells,* 36 Ga. App. 626 (1, 2) (137 S. E. 856), the following language was quoted and applied: "Where instructions are given that are not warranted by the evidence and are calculated to mislead and confuse the jury, the error requires a new trial. Where the entire charge is not sent up in the bill of exceptions or in the record, and the portion of the charge excepted to is error, without qualification, and when the judge who tried the case makes no statement in his certificate which shows that it was qualified by other parts of the charge, this court will presume that there was no qualification."

In the present case there was evidence adduced from a contractor, a witness for the defendants, as follows: "That the patio was unsightly and improperly constructed. That he tested

some of the mortar and it crumbled between his fingers, which indicated an improper cement mixture. That the work was not done in a workmanlike fashion, in that bricks were cut off short, clipped and improperly laid. That the bricks themselves were of good quality and that no complaint could be made about the quality and type of brick used in the job. They appeared to be the same color brick used but by reason of coming out of a different lot, were slightly different from the brick in petitioner's home. That the whole job was worth about $200 in his opinion." Under this evidence the jury would have been authorized to find a partial failure of consideration and to return a verdict for the plaintiff for less than the contract price, the contract price being $765, and the excerpt from the charge complained of as expressing an opinion as to what had been proved on the trial was error. As to the requirement that a trial court not express an opinion as to what has been proved, see *Code* § 81-1104; *Hardy v. Boyer*, 7 Ga. App. 472, 477 (67 S. E. 205), and citations. The complete charge is not in the record, and there is no qualification in the judge's certificate; therefore, it can only be presumed that no qualification was given and that the charge was not withdrawn. Accordingly, the judgment of the trial court overruling the defendants' motion for new trial must be reversed. From what has been above held it is seen that the evidence did not demand the verdict returned.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*