42656.   PAULK v. THOMAS.

Argued March 6, 1967—Decided March 17, 1967.

G. Gerald Kunes, for appellant.

Maxwell A. Hines, for appellee.

EBERHARDT, Judge. ■ While plaintiff was testifying on direct examination he was asked whether he was engaged in making a crop prior to the accident in July, 1962. He answered, "Yes, sir, and made one up until 1962, until I got hurt, then I got behind with what I had to do because I wasn't able to do nothing." The answer was objected to and excluded upon the ground that it was a conclusion. This ruling is urged as error. Since later in his testimony he was permitted to testify, without objection, that after the accident he was physically unable to continue to labor on his crop, it is unnecessary for us to decide whether the ruling was error. Savannah Elec. Co. v. Crawford, 130 Ga. 421 (4) (60 SE 1056); Waters v. Wells, 155 Ga. 439 (4) (117 SE 322); Cochran v. State, 212 Ga. 245 (3e) (91 SE2d 601).

■ Plaintiff tendered in evidence three photographs of the location on a graded road where the accident occurred. The photographs were made nearly three years after the date of the accident. In identifying the photographs plaintiff admitted that the appearance of the road as portrayed was not the same as when the accident occurred, in that there had been ruts of considerable depth, made by the wheels of vehicles, when the accident occurred but which no longer existed, the road appearing in the photographs to have a smooth surface. The photographs were objected to and excluded on the ground that they did not depict the road as it appeared at the time of the collision.

We find no error in this ruling. "The question of the sufficiency of the preliminary proofs to identify photographs, or to show that it is a fair or accurate representation of the objects which it purports to portray, is a question committed to the discretion of the trial judge." *Johnson v. State,* 158 Ga. 192, 198 (2) (123 SE 120). Accord: *Rosenthal v. O'Neal,* 108 Ga. App. 54 (2) (132 SE2d 150); *Owensby v. Jones,* 109 Ga. App. 398 (8) (136 SE2d 451). Since a question was raised by the testimony as to whether the defendant had turned, or attempted to turn the wheels of his vehicle from ruts in the road prior to the collision, the admitted difference in the appearance of the road in the photographs was material, and there was no abuse of discretion in excluding them.

■ ■ Before suit was filed plaintiff went to Dr. Exum Walker for an examination, and after the examination procured Dr. Walker's deposition for use at the trial. The deposition was taken under stipulation that all objections, save as to leading questions, were reserved until the deposition should be offered at the trial.

Dr. Walker testified as to some of the history of the accident and injuries as given to him by the plaintiff, and expressed an opinion concerning the nature and permanence of the injuries which, on cross examination, he admitted to be in part based upon the history given him by Mr. Paulk. Upon objection that the recitals of history were hearsay and that the opinions were based upon hearsay, portions of the doctor's deposition were excluded.

There was no error in this ruling. In *Atlanta, Knoxville &c. R. Co. v. Gardner,* 122 Ga. 82, 95 (11) (49 SE 818), Justice Fish reviewed this problem in the light of prior decisions of our Supreme Court and decisions of the courts from other jurisdictions, and laid down the rule that complaints made to a physician of pains in designated portions of the patient's body are not admissible in his favor, unless made under such circumstances as to be equivalent to spontaneous and involuntary exclamations or outcries, groans, convulsive movements, and other physical manifestations of present pain and suffering. That rule has not been overruled or altered; it has been followed, and we are bound by it. *Goodwyn v. Central of Ga. R. Co.,* 2 Ga. App. 470 (1) (58 SE 688); *Bolton v. Columbia Cas. Co.,* 34 Ga. App. 658 (130 SE 535); *Alabama Great Southern R. Co. v. McBryar,* 65 Ga. App. 153, 158 (7) (15 SE2d 563); *Wade v. Drinkard,* 76 Ga. App. 159 (4) (45 SE2d 231). It applies to opinions which are based upon the patient's hearsay history or his subjective complaints. *Atlantic C. L. R. Co. v. Clinard,* 93 Ga. App. 64, 66 (6) (90 SE2d 923); *Atlantic C. L. R. Co. v. Marshall,* 93 Ga. App. 134, 137 (7) (91 SE2d 96). The doctor may, however, testify from personal observations of his patient that he was suffering pain. *Eason v. Crews,* 88 Ga. App. 602, 613 (2) (77 SE2d 245).

Appellant urges that it is necessary for the doctor to obtain from his patient a history of his injuries and his complaints, subjunctive though they may be, in order to formulate an opinion and to prescribe treatment, and that since this is necessary this rule should be changed to admit testimony containing the patient's historical statements and complaints, particularly when these are in part, at least, the basis for the doctor's opinion concerning the nature and extent of the injuries suffered. It is suggested that the rule of necessity be used in holding the testimony admissible.

The rule of necessity, exemplified in *Moore v. Atlanta Transit System, Inc.,* 105 Ga. App. 70 (123 SE2d 693), has no application here since the plaintiff was available and could testify himself as to how he may have been injured and as to his pain and suffering. Justice Fish pointed out in *Atlanta, Knoxville*

*&c. R. Co. v. Gardner,* 122 Ga. 82, 97, supra, that the necessity for admitting testimony of this kind no longer existed after parties were made competent to testify as witnesses. *Moore v. Atlanta Transit System, Inc.,* supra, dealt with a situation in which the party was no longer available to testify, and applied the rule of necessity as an applicable exception.

Dealing with a contention substantially the same as that urged by appellant, Judge Bell, afterwards Chief Justice Bell, asserted in *Bolton v. Columbia Cas. Co.,* 34 Ga. App. 658, 661 (130 SE 535): "Counsel for plaintiff in error says that 'Just as every wrong has its remedy in the law, every fact should be capable of some legal proof.' But in the juridical sense the court can not know that the fact exists until there is proof of it. The statement of counsel would illogically assume its existence in order to let in the proof, whereas the proof should come first. Otherwise, there is no fact to deal with. Hearsay is without probative value."

■ The contention that the objections to the testimony of Dr. Walker were not timely made is without merit. If the plaintiff were not estopped from urging this by virtue of the stipulation under which the deposition was taken, he would be met with the rulings in *Erk v. Simpson,* 137 Ga. 608, 613 (5) (73 SE 1065); *Georgia R. & Elec. Co. v. Bailey,* 9 Ga. App. 106 (3) (70 SE 607); *Bell v. Washam,* 92 Ga. App. 63 (4) (60 SE2d 408) and *Hamilton v. Pulaski County,* 86 Ga. App. 705, 709 (2) (72 SE2d 487), that objections upon substantial grounds relating to the incompetency of the testimony may be urged upon the trial, though they were not raised or noted before the commissioner at the time the deposition was taken.

■ Plaintiff's attending physician, Dr. T. L. Edmundson, testified and on direct examination was asked: "Will you give us a resume of what treatment you gave him later on?" and he answered: "All right, on 10/2/62 he was still complaining of the pain in his cervical spine and he also complained of insomnia. I gave him Darvon Compound 65, which is an analgesic substance, a non-narcotic, because I knew we were going to be in the problem of addiction before long; with low back pain you always do, so you try to keep away from habit-forming

drugs as much as you can. I gave him Termaril Spansule, which is a type of tranquilizer, which also stops itching, because he was having a lot of itching at that time too. On 10/26/62 I started him on Ataraxoid, which is a combination of a cortical steroid and tranquilizer."

Defendant's counsel objected to the portion of the witness's answer, "on 10/2/62 he was still complaining of pain," upon the ground that it was hearsay and the objection was sustained. For reasons stated in Division 3 (a) there was no error in this ruling.[1]

On direct examination Dr. Edmundson was asked, "When you say objectively, what do you mean by objectively?" and answered: "Well, Mr. Hines objected to subjective complaints in order to get to an objective; so I can't come in and start feeling of a man's spine—he's got to tell me something about it—but, objectively means that I can put my finger on it, so I could examine his lumbar spine." Defendant's counsel objected and moved to exclude "so much of the doctor's testimony in which he has just stated that he complained of tenderness upon his examination, upon the ground that it would be hearsay testimony." The objection was sustained, and the ruling is urged as error on the ground that it deprived the plaintiff of medical testimony concerning involuntary expressions of pain during a medical examination and treatment, and deprived the jury of the doctor's explanation of what an objective symptom is as distinguished from a subjective complaint.

It is obvious that the objection which was sustained by the

---

[1]Hearsay from the patient may be admitted to explain the physician's conduct if his conduct is an issue, or is relevant to the issues. *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. App. 314, 316 (2a) (124 SE2d 479). Explanation of his conduct would not generally be relevant in the ordinary negligence action unless for impeachment, though in a malpractice action the propriety of a doctor's conduct may be the very issue on trial. While it appears under authorities cited in this opinion that there is considerable doubt as to the correctness of the *Williams Bros. Grocery Co.* ruling, it is to be observed that no objection was made in that case on the ground of irrelevancy.

court and upon which error is assigned was not directed to this question and answer, though it is so alleged in Ground 16 of the amendment to the motion for new trial, and appellant directs the argument in his brief to this testimony. There was nothing in this question or answer in which it was "stated that [plaintiff] complained of tenderness upon [the doctor's] examination." We see nothing more in the answer than a statement by the doctor of what the terms "subjective" and "objective" meant to him, as related to a patient's complaints and symptoms. Consequently, since the objection was not directed to that, the answer was not excluded by a sustaining of the objection.

Referring to the transcript we find that immediately preceding this question and answer the doctor had been asked to give a resume of Mr. Paulk's sixth visit to him, and the doctor answered, "Well, it was just a continuation of others—March 9, 1964. The subjective complaint—that there has been so much objection to—of pain in his back, objectively he still had tenderness over the cervical lumbar spine." This, obviously, was the testimony to which the objection was directed.

There is grave doubt that the evidence objected to was admissible under the rulings in *Atlanta, Knoxville &c. R. Co. v. Gardner*, 122 Ga. 82 (11), supra, and other cases cited in Division 3 (a) above. But, pretermitting that, this evidence went to the *extent* and *duration* of plaintiff's injury and suffering of pain, and thus the amount of damages that he should recover; and if the evidence were admissible, its exclusion was harmless since there was a verdict for the defendant. "An assignment of error going to amount of damages, as distinguished from right to damages is immaterial, where the court finds against the plaintiff." *McCoy v. City of Atlanta*, 96 Ga. App. 392, 394 (100 SE2d 96). Accord: *Churchill v. Corker*, 25 Ga. 479 (1); *Globe Refining Co. v. Ft. Gaines Oil &c. Co.*, 112 Ga. 366 (2) (37 SE 379); *Marchman v. City Elec. R. Co.*, 118 Ga. 219 (44 SE 992); *Field v. Hardwick & Co.*, 142 Ga. 424 (4) (83 SE 93); Cf. *Bagley v. Akins*, 110 Ga. App. 338 (2) (138 SE2d 430).

■ Dr. Edmundson was asked a hypothetical question by plaintiff's counsel. After reciting facts which were in evidence relative to the collision in which Mr. Paulk asserted that he was

injured and "taking into consideration the condition you found Mr. Paulk's body in when you manipulated it on September 24, 1962, would you or would you not have an opinion as to whether or not there would be a causal connection between the collision that occurred, which I have just described, and the condition that you found Mr. Paulk's body in?" He answered that he did have an opinion, and upon being asked what it was answered, "The probable cause of the man's back condition in September of '62 *was the accident that he described in July of '62.*" Defendant's counsel moved to strike the answer because the doctor's answer showed that it was based upon hearsay. The motion was sustained.

There was no error in this ruling. Clearly, the doctor was not giving consideration to the facts recited in the question concerning the accident, but was answering on the basis of what Mr. Paulk had told him back in July, 1962.

When plaintiff's wife testified in his behalf she was asked on direct examination whether she could relate any facts which would indicate that her husband had undergone any degree of discomfort. She answered, "Yes, sir," but before going further defendant's counsel interposed an objection that the question called for a conclusion on the part of the witness and the objection was sustained. No statement or showing was made to the court by plaintiff's counsel as to what he expected her answer to be, or as to how it would be material or would have benefited the plaintiff. Consequently, the error now urged in excluding her answer, or in sustaining the objection to the question, raises no question for our consideration. *Griffin v. Henderson,* 117 Ga. 382 (2) (43 SE 712); *Winkles v. Drake,* 165 Ga. 335 (8) (141 SE 67); *Lee v. Holman,* 184 Ga. 694, 697 (7) (193 SE 68). Moreover, see *Atlanta Street R. Co. v. Walker,* 93 Ga. 462 (2) (21 SE 48) concerning the admissibility of this type of evidence.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*