46724.  SOUTHERN RAILWAY COMPANY v. MARTIN.

PANNELL, Judge. The present case is before this court on exceptions to the failure of the trial judge to charge certain requests made by the defendant. Clifford Martin brought an action against the Southern Railway Company seeking damages for injuries received by him when a truck in which he was alleged to be, and of which he testified he was the driver, collided with a switch engine operated by the defendant at a grade crossing in the City of Macon, Georgia. The evidence showed that Martin was an employee of Perry Brothers Transportation Company, a common carrier under the jurisdiction of the Georgia Public Service Commission, hauling bricks for hire and licensed by the commission, and subject to the rules of the commission, which rules were properly proven to the court. There was evidence that Martin had been instructed on these rules. Martin had also been instructed not to permit anyone to ride in the truck with him. Contrary to his instructions, Martin permitted an acquaintance, Edmond Sweet, to ride with him on the trip, which, if completed, would have taken them from Macon, Georgia, to Dalton, Georgia. There was evidence that Martin paid Sweet $5.00 for which Sweet in return promised to

"ride" Martin to a hospital in another locality for the purpose of visiting Martin's wife, upon their return to Macon. Martin denied the $5.00 was paid to Sweet for the purpose of helping him unload the truck in Dalton. The truck was equipped with a motorized loader and unloader and had been loaded by Martin, using this equipment, prior to the trip in question. Sweet did not testify, nor was there any direct evidence that this payment was for any other purpose. As a result of the collision with the locomotive of the defendant, plaintiff received injuries to his face and an eye injury which required the removal of the lens. There was evidence that immediately after the collision, the party with the face and eye injury got out of the passenger side of the cab and the other party was pinned in the driver's seat. A verdict and judgment was entered for the plaintiff, the defendant's motion for a new trial was overruled, and the defendant appealed to this court enumerating error on the refusal of the court to give certain requests to charge. These requests were the defendant's numbers 13, 14, 15, 16 and 17. *Held:*

1. Appellant's request in No. 15 requested the trial judge to charge the jury that ". . . on the date of this collision there was in effect a rule of the Georgia Public Service Commission which provides as follows: 'Rule 6. Compliance Required—Every motor carrier and his or its officers, agents, employees, and representatives concerned with the transportation of persons or property by motor vehicle shall comply with the motor carrier safety rules and regulations and shall become conversant therewith.' In the context of the above rule the word 'motor vehicle' means 'any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of persons or property for hire or any combination thereof, determined by the commission, but does not include any vehicle, locomotive, or car operated exclusively on a rail or rails."

The violation of a valid rule of the Public Service Commission is negligence per se, if it was passed for the benefit of the party complaining of its infraction and was the proximate cause of the injury. *Maner v. Dykes,* 55 Ga. App. 436, 439 (190 SE 189); *Reliable Transfer Co. v. Gabriel,* 84 Ga. App. 54, 64 (65 SE2d 679). We, accordingly, hold that the charge requested was proper as one introductory to charges on the safety rules of the Public Service Commission applicable to the situation in question, and it was error to refuse to give the same.

2. Defendant's request in charge No. 16 requested the trial judge to charge Rule 11 of the Public Service Commission as follows: "'Rule 11. Control of Speed.—(a) No motor vehicle shall be driven at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, including, but not limited to weather, traffic, intersections, width and character of the roadway, and type of motor vehicle. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. In no event shall a motor vehicle be driven in or through this State or legal subdivision thereof, at a speed greater than that permitted by this State or legal subdivision thereof . . . (c) The driver of every vehicle shall, consistent with the requirements of (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.' In the context of the above rule, the word 'motor vehicle' means 'any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of persons or property

for hire or any combination thereof, determined by the commission, but does not include any vehicle, locomotive, or car operated exclusively on a rail or rails.'" While the trial judge charged Par. (a) (c) of Art. VI, Sec. 48 of the Uniform Act regulating traffic on highways (Ga. L. 1953, Nov. Sess.; *Code Ann.* § 68-1626) which provisions are similar to the charge requested, the charge requested contains certain language not found in the statute, such as "including but not limited to weather, traffic, intersections, width and character of the roadway and type of motor vehicle." This language contained in the Rule of the Public Service Commission enumerates certain of the actual and potential hazards not specifically enumerated in the statute. Under these circumstances it is our opinion that the charge of the statute was not substantially the same as the charge requested. The jury was entitled to this enumeration contained in the rule and the defendant was entitled to have it charged. The refusal to do so was error.

3. Defendant's request No. 17 requested the trial court to charge Rule 18 of the Public Service Commission, which reads as follows: "Rule 18. Precautions at Railroad Grade Crossings and Drawbridges. — (a) Every motor vehicle transporting persons or property for hire, before crossing at a grade any track or tracks of a railroad, must be brought to a full stop within 50 feet but not less than 15 feet from the nearest rail of such railroad and while so stopped, the driver thereof shall listen and look in both directions along such track for any approaching train, and for signals indicating the approaching of a train, and shall not proceed until he can do so safely; provided, however, that no stop need be made at any such crossing where a police officer or traffic-control signal directs traffic to proceed, or at any street-railway grade crossing within a business or residence district." Appellee contends that this requested charge was inapplicable because of the proviso that it did not apply "at any street-railway grade crossing within a business or residence

district." Assuming, without deciding, that the collision here occurred within a business or residence district we cannot agree with appellee's construction of this proviso that the words "street-railway" should be interpreted as street and railway so that the exception would read "at any street and railway grade crossing within a business or residence district." The rule itself applies to such grade crossings and to construe the proviso, as contended by appellee, would for all intent and purposes make the rule ineffective and contradictory within its own terms. In our opinion the words "street-railway" means a street-car or interurban railroad running along the street, generally for the purpose of hauling passsengers, rather than freight. See in this connection Webster's New 20th Century Unabridged Dictionary (2d Ed.) p. 1800, which defines street-railway as a "railway that runs along the public street; a streetcar line." See also Words and Phrases, Vol. 40, p. 435, where similar definitions have been given to this language. The trial court erred in refusing to give this request.

4. Defendant's request No. 13 reads as follows: I charge you that if you find that plaintiff employed Edmond Sweet to assist him in his delivery without authority of his employer to do so, Edmond Sweet would then be considered to be the agent of the plaintiff. If you further found that Edmond Sweet was guilty of any negligence which in any way contributed to the collision in question, such negligence would be imputable to the plaintiff." The evidence, while it may create a suspicion thereof, was insufficient for the jury to find that plaintiff employed Edmond Sweet to assist him in his delivery. Accordingly, there was no error in refusing to give this request to charge.

5. Defendant's request No. 14 reads as follows: "I charge you that there is some evidence in the case that plaintiff allowed Edmond Sweet to drive his truck against the rules of his employer. There is also evidence in the case that Sweet was not an experienced driver of trucks of

the type involved and that plaintiff knew this fact. If you find that Sweet was the driver of the truck and also find that plaintiff knew that Sweet was an inexperienced driver and further find that Sweet's inexperience in driving trucks of this type contributed to the collision, then you could consider whether plaintiff was negligent in allowing Sweet to drive." The evidence as to whether Sweet was driving the truck at the time of the collision was in conflict. The giving of the requested charge would, therefore, have been an expression of opinion as to the evidence prohibited by the terms of *Code* § 81-1104. There was no error in refusing to give this requested charge. See *Rogers v. Swinks,* 102 Ga. App. 444 (1a) (116 SE2d 638).

6. Accordingly, the trial court, for the reasons given above, erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Bell, C. J., concurs. Deen, J., concurs in the judgment only.*

ARGUED NOVEMBER 1, 1971—DECIDED MARCH 6, 1972.

*Bloch, Hall, Hawkins & Owens, F. Kennedy Hall,* for appellant.

*George N. Skene,* for appellee.