## 47220.   CENTRAL OF GEORGIA RAILWAY COMPANY et al. v. LITTLE.

EBERHARDT, Presiding Judge. William Little and American Road Insurance Company brought suit against Central of Georgia Railway Company and its engineer, H. A. Jenkins, wherein Mr. Little sought recovery for personal injuries and American Road Insurance Company sought recovery for damages to Mr. Little's truck, for which the insurance company had indemnified Little, arising out of a collision between the Little truck and an engine of the railroad at a private road crossing in Perry. The case was tried before a jury and verdicts in favor of the plaintiffs were returned. Defendants moved for a new trial, and from an order overruling their motion arises this appeal.

1. Error is enumerated on the charge: "I charge you that where a person by his own negligent act places himself in a position of peril and another knows *or should know* of such peril and fails and refuses to take action to avoid injuring him, when he has the means and opportunity to do so, then the negligence of the person thus injured will not necessarily bar a recovery." (Emphasis supplied.)

Timely exception was made to this charge on the grounds that (1) there was no evidence that the train crew had any reason to think that Mr. Little was in peril, (2) the train crew had no reason to believe that Mr. Little would not stop his truck before going onto the track until it was too late to enable them to do anything about the impending collision.

It is the position of appellants that under the doctrine of last clear chance there must be actual knowledge on the part of the party who might take action to avoid injuring one who has placed himself in peril, and that it does not apply to a "should know" situation. In *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665, 670 (88 SE2d 6), the Supreme Court asserted: "Nor is the last clear chance, or humanitarian doctrine, applicable to the defendant in the instant case. As pointed out by Judge Felton, in *Bennett Drug Stores v. Mosely,* 67 Ga. App. 347 (20 SE2d 208), it is only after one finds another who has negligently placed himself in a position of peril, and because of his helplessness is unable to extricate himself from his position of peril, that the duty arises to exercise ordinary care to avoid injuring him. As there pointed out, it is only where the defendant *knows* of the plaintiff's perilous situation, and realizes, or has reason to realize, the plaintiff's helpless condition, that the defendant is charged with the duty of using with reasonable care and competence his *then* existing ability to avoid harming the plaintiff."

It appears here that plaintiff was operating a large truck with a heavy load of asphalt on an upgrade as he approached the crossing (which he had crossed frequently). He testified that he stopped, looked, but saw no train approaching from either direction, put the truck in a low gear and started, attaining a speed of no more than 3 or 4 miles per hour when he moved onto the crossing, and that he did not see the train until just before the collision occurred. There were growths of weeds and bushes on both sides of the railroad, which he says kept

him from seeing the train as he approached the crossing. The railroad witnesses testified that in spite of the weeds and undergrowth the engine of the train was clearly visible for a distance of at least 150 feet before it got to the crossing. The engineer was sitting on the side of the engine opposite that from which Mr. Little approached, and he could not see the truck. The conductor, on the other side of the engine, saw the truck, and testified that it did not actually stop, though it was traveling slowly enough that it could have done so at any time and that he thought it would do so. There was testimony from the train crew that the whistle was sounded, though plaintiffs contended that this did not occur until just before the collision. The train was moving at a speed of 15 or 20 miles per hour. The bell was ringing and the headlight was on.

When the conductor saw that Mr. Little was not going to stop, and was moving onto the crossing, he yelled for application of the emergency brakes and they were applied—but it was not possible to stop the train before the collision.

Under the facts here the crew members who were in charge of the engine had a right to assume that Mr. Little was possessed of ordinary intelligence, judgment and discretion, and, there being a duty on his part to exercise ordinary care in using the crossing, likewise to assume that he would exercise ordinary care for his own safety and protection; in other words, they had a right to assume that he would bring the truck to a stop before entering the crossing, that he would observe the approaching train and remain stopped until the train had passed. *Edwards v. Atlanta B. & C. R. Co.*, 63 Ga. App. 212, 215 (10 SE2d 449).

Nothing in the evidence indicates that the crew members who were in charge of the engine *knew* that Mr. Little would place himself in a position of peril until it was impossible to take action that would avoid injuring him. This is most certainly true of the engineer, defendant Jenkins. The charge on last clear chance, as given, was inapposite and was error.

2. Defendants timely and properly requested that the court charge that the engineer and other crew members in charge of the engine had the right to assume, unless there was something in the manner in which the vehicle was being operated to cause them to believe to the contrary, that the vehicle operated by plaintiff, proceeding toward the railroad and not having reached it, would take all usual and ordinary precautions to avoid striking the engine or being struck by it, and that the driver would exercise his faculties for observation to avoid an accident; that the engineer and others on the engine were under no obligation to stop the engine merely because they saw a motor vehicle near and approaching the path of the engine; that they could assume under such circumstances, until the contrary appeared, that the driver would not attempt to drive in front of the train.

The request was refused and there was timely exception, pointing out that the request was supported and authorized by the evidence.

The defendants were not charged with the violation of any statute or ordinance. Plaintiffs' claims were grounded only on ordinary common law negligence. It was therefore error to refuse this request. *Western Union v. Spencer,* 24 Ga. App. 471, 472 (101 SE 198); *Edwards v. Atlanta B. & C. R. Co.,* 63 Ga. App. 212, supra.

3. We find no error in giving a charge that if both parties were negligent and the party guilty of the lesser negligence lacked time or opportunity to avoid the negligence of the other when it became apparent, or should have become apparent, to him, he would not be barred from a recovery because of his failure to avoid the consequences of the other's negligence.

4. There is no merit in the exception to a charge on diminished capacity to labor as an element of pain and suffering. The charge was abstractly correct and was authorized. *Powell v. Augusta & S. R. Co.,* 77 Ga. 192, 200 (3 SE 757); *City Council of Augusta v. Owens,* 111 Ga. 464, 479 (36 SE 830); *Cagle Poultry &c. Co. v. Bus-*

*ick,* 110 Ga. App. 551, 553 (139 SE2d 461). Appellants contend that there was no evidence that would authorize a finding that Mr. Little's injuries were permanent, but we cannot say that this is the case. There was some evidence from which the jury might so conclude, and that was a matter for the jury to determine. Since no loss of earnings is involved, it is not necessary to authorize the charge that the amount of his earnings or the percentage of his disability should appear.

5. A witness for the plaintiffs was permitted to testify concerning the before and after value of the truck, the after value being based entirely upon an estimate which he made from a photograph of the truck taken after the collision.

The witness qualified as an expert, and we cannot say that his testimony should have been excluded for the reason assigned. This fact goes to the weight and credibility of his testimony, and that was a matter for the jury.

6. Mr. Little testified as to the value of the truck after the accident, and his testimony was objected to on the ground that it did not appear that he was an expert. This objection was not meritorious. The owner may testify giving his opinion as to value whether he is an expert or not. If not, he must give the basis for his opinion. The basis here was weak, but that goes largely to weight and credibility. *Corvair Furn. Mfg. Co. v. Bull,* 125 Ga. App. 141 (8) (186 SE2d 559).

7. There was objection to testimony of Dr. Floyd, a physician who had attended Mr. Little, in which the doctor based his testimony upon a part of the history which Mr. Little had given concerning the accident and a previous condition. The objection was good and should have been sustained (*Atlantic C. L. R. Co. v. Marshall,* 93 Ga. App. 134 (7) (91 SE2d 96); *Grooms v. Pacific Employers Ins. Co.,* 94 Ga. App. 865, 867 (96 SE2d 525); *Paulk v. Thomas,* 115 Ga. App. 436 (3a) (154 SE2d 872); *Atlanta, K. & N. R. Co. v. Gardner,* 122 Ga. 82, 95 (49 SE 818); *Perkins v. Perkins,* 227 Ga. 177, 179 (179 SE2d 518)), but

since the doctor had been permitted previously to testify to substantially the same thing without objection, the error was harmless.

8. With reference to the damage to the truck, the court charged that the American Road Insurance Company stood in the shoes of Mr. Little, and that if Mr. Little were entitled to recover, it would be entitled to recover.

This charge was objected to on the ground that it was tantamount to authorizing the jury to find for the insurance company the full amount of the truck damages, if Mr. Little were entitled to recover anything.

We do not so construe this charge, particularly in view of the full and fair charge that was given on the matter of comparative negligence and the resulting reduction of damages if the jury should conclude that both the railroad and Mr. Little had been negligent.

9. It appeared from the evidence that Mr. Little was transporting asphalt for hire, and Rule 11 of the Georgia Public Service Commission was admitted into evidence. The Rule, applicable to all vehicles for hire operated on the roads and highways of this State, is, in many respects, the same as *Code Ann.* § 68-1626 (a), but it is, in some respects, more comprehensive.

Defendants timely and properly requested a charge of the Rule, but the request was denied. Due exception was entered. Refusal of the request was error. *Southern R. Co. v. Martin,* 125 Ga. App. 653 (188 SE2d 819).

*Judgments reversed for the reasons stated in Headnotes 1, 2, and 9. Clark, J., concurs. Deen, J., concurs in Headnotes 1 and 3 and in the judgment.*

ARGUED MAY 24, 1972—DECIDED JUNE 16, 1972.

*Hall & Bloch, F. Kennedy Hall,* for appellants.

*Walker & Richardson, Lawrence C. Walker, Jr., Adams, O'Neal & Hemingway, Thomas W. Talbot, H. T. O'Neal, Jr.,* for appellee.

DEEN, Judge. I concur in the judgment of reversal and in

Headnotes 1 and 3 of the opinion. I do not think the refusal of the requested charge discussed in Headnote 2 constituted error.