### A98A2337. CLARK v. CITY OF KENNESAW.
(514 SE2d 701)

SMITH, Judge.

Following a jury trial in this condemnation proceeding instituted by the City of Kennesaw, a jury awarded $285,000 to condemnee Kenneth Clark.[1] Clark's motion for new trial as amended was denied, and he appeals. We find no error, and we affirm.

1. Clark contends that the trial court erroneously limited the scope of his testimony concerning the basis for his opinion of the value of his property. On direct examination he testified, without objection, that he considered the fair market value of his property to be $500,000. When asked how he arrived at this figure, he stated that, as a bail bondsman, by using the property as collateral, he was authorized to sign up to $500,000 worth of bonds. The trial court sustained the city's objection and instructed the jury to disregard this testimony concerning bonding collateral.

We find no error. Although the jury was not permitted to consider Clark's testimony concerning the value of his property as collateral for bail bonds, Clark *did* testify as to other bases for his opinion concerning its value. He twice testified that he had familiarized himself with real estate, including property values, in Cobb County and that he had used other property sales in reaching his opinion as to the value of his property.

Furthermore, evidence concerning use of the property for bail bond collateral was not relevant to the issue of fair market value, defined as the sum a willing buyer under no obligation to buy would pay to a willing seller under no obligation to sell. See, e.g., *Jotin Realty Co. v. Dept. of Transp.*, 174 Ga. App. 809, 811 (331 SE2d 605) (1985). The objected-to testimony was evidence of the property's particular value to Clark, and

---

[1] Clark's property was a nearly vacant lot in downtown Kennesaw.

as long as there is an ascertainable market value, no consideration need be given to value peculiar to the owner. . . . Condemnation proceedings are *in rem* and just compensation must be based upon the value of the rights taken, without regard to the personality of the owner or his personal relationship to the property taken. *The value of the property for his personal purposes must be disregarded.*

(Citations and punctuation omitted; emphasis supplied.) *Dept. of Transp. v. Metts*, 208 Ga. App. 401, 402 (430 SE2d 622) (1993).

*Dept. of Transp. v. Arnold*, 154 Ga. App. 502 (268 SE2d 775) (1980) and *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (476 SE2d 722) (1996), relied on by Clark, are not controlling. In *Arnold*, this court did state the general rule that "[a]nything that actually enhances the value of the land must be considered in order to meet the demands of the Constitution that the owner be paid . . . adequate and just compensation." (Citation and punctuation omitted.) *Arnold*, supra at 503. But the opinion evidence in that case addressed an intrinsic characteristic of the condemned property itself: its character as "an integral part," id., of a larger tract owned by the condemnee and other owners. Similarly, the opinion evidence in *Sharpe* addressed the inherent value of mineral deposits located on the condemned property. As argued by the city here, *Sharpe* demonstrates the rule that evidence of value must relate to the realty rather than to use of the property for the owner's personal purposes; mineral deposits are clearly connected to the realty in which they are discovered.

Clark's reliance on *Central of Ga. R. Co. v. Little*, 126 Ga. App. 502, 506 (6) (191 SE2d 105) (1972) also is misplaced. The issue in that case was whether the owner of a damaged vehicle could testify as to value, despite the fact that he was not an expert. Id. This court stated in *Little* that the owner could give his opinion on this issue whether or not he was an expert and that if he were not an expert, he must give the basis for his opinion. Id. The issues in this case do not involve the question of whether Clark was an expert; moreover, as discussed above, he was permitted to testify to the basis for his opinion of value of the property. We find no error.

2. Clark contends the trial court erroneously refused to allow him to question the city's appraiser concerning the city's intended use of Clark's property. In the same enumeration, he also argues that the trial court erred in admitting two documents representing the city's parks and recreation master plan. He further has expanded his argument beyond these dual contentions in a single enumeration by arguing that he was prevented from introducing at trial his plans to develop a replica of a historic site on this property, plans the city took steps to implement after the condemnation occurred. We first note

that because Clark has asserted more than one error in a single enumeration, we would be authorized, in our discretion, to elect not to review any of these claims. See, e.g., *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 606 (6) (431 SE2d 383) (1993). However, examining Clark's arguments as a whole with regard to these dual contentions, we have elected to address what appears to be the crux of his contention: the trial court's refusal to admit evidence that allegedly would have shown enhanced value of Clark's property at the time of taking.

Evidence was introduced that in the summer of 1995, before the taking of Clark's property in 1996, the city passed a "historic preservation (HPV) ordinance." This ordinance apparently adopted an HPV zoning classification, or an "overlay" onto the general commercial zoning in the vicinity of Clark's property. This non-mandatory "overlay," however, was not implemented until actual rezoning of the property occurred, approximately two months before trial.[2]

Clark sought to show that the value of his property was enhanced by its location at the "epicenter" of this HPV district. The court excluded evidence which, according to Clark, would have accomplished this end. As mentioned above, Clark unsuccessfully sought to introduce two documents comprising the city's parks and recreation master plan. He also sought to ask the city's appraiser whether the appraiser was aware of plans before the taking of Clark's property "to zone multiple parcels HPV."

The record does not clearly show that Clark laid a proper foundation for admission of the documents. He did not show whether the plan, in its entirety, was implemented at the time of the taking. It is well settled that "[i]n all cases, the only question for decision is the value of property taken . . . *at the time of taking*. [Cit.]" *Dept. of Transp. v. Benton*, 214 Ga. App. 221, 222 (447 SE2d 159) (1994).

But even assuming that Clark did lay a proper foundation for the admission of these documents, we find no reversible error with regard to the trial court's rulings concerning the excluded evidence. We recognize the general rule that a landowner is entitled to compensation for "[a]nything that actually enhances the value" of land. *Hard v. Housing Auth &c. of Atlanta*, 219 Ga. 74, 80 (132 SE2d 25) (1963). "[A] condemnee is entitled to recover the value, at the time of taking, of the land taken, and . . . evidence showing an enhancement in its value, as of the time of taking, resulting from the previously announced plans of the condemnor is admissible." *Ivy Inn, Inc. v. MARTA*, 255 Ga. 557, 558 (340 SE2d 600) (1986), citing *Hard*, supra. See also *Zone Enterprises v. Geo. L. Smith II Ga. World Congress*

---

[2] On cross-examination, the city's appraiser testified that use of the "guidelines of the village" when property was developed was not mandatory.

*Center Auth.*, 234 Ga. App. 238, 239-240 (506 SE2d 424) (1998).

But here, although Clark was not permitted to introduce certain documents or to ask the city's appraiser a question concerning the city's intent concerning HPV zoning, we cannot say that Clark was foreclosed from introducing evidence concerning potential development of a historic preservation village or the location of Clark's property within this village. On cross-examination, for example, the city manager testified concerning the document that adopted the HPV district in August 1995. Also, Clark elicited testimony showing that Clark's property was located in the center of the historic preservation village. Because it appears that the excluded evidence would have been merely cumulative of evidence admitted without objection, we cannot say that the trial court abused its discretion. See generally *Wood v. Browning-Ferris Indus. of Ga.*, 206 Ga. App. 707, 708 (3) (426 SE2d 186) (1992).

Finally, even assuming that the excluded evidence may have shown some enhanced value not otherwise shown by other evidence admitted at trial, reversal is not required, for Clark never made a proffer of evidence showing any enhanced value of his property by virtue of the plans. As in *Zone Enterprises*, supra, "there is no evidence in the appellate record showing the enhanced value . . . that [Clark] was prevented from introducing at trial." Id. at 240. Clark therefore has waived appellate argument that the evidence was erroneously excluded. See id.; *Dent v. State*, 220 Ga. App. 147, 149 (469 SE2d 311) (1996).

3. Clark argues that the trial court erred in ruling inadmissible his testimony concerning the city's excavation of his property after the taking. On direct examination, Clark testified that the city "[r]ecently . . . dug up the spot where the old Lacy Hotel sat." Counsel for the city objected on the ground that Clark should have submitted the minutes of the city council meeting authorizing this action, and the trial court sustained the objection.

Regardless of the city's basis for objection, we conclude that the trial court did not commit reversible error in excluding Clark's unresponsive testimony. The objected-to comment was made in the context of questioning by Clark's attorney about plans Clark submitted to the mayor and city council concerning his intentions to develop the property as the recreation of the old Lacy Hotel and whether the city had agreed to participate with him in this endeavor. Clark's attorney asked whether "formal action" had been taken by the city with respect to the hotel, and Clark responded that the city had begun excavation of the site. Following the city's objection, Clark's counsel stated that he had not anticipated this response from Clark and rephrased his question to ask whether the city had taken action with respect to participating with Clark concerning his proposal to

recreate the hotel.

It appears from this context that Clark may have been attempting to show, by virtue of the city's excavation, that his own pre-taking plans to reconstruct the historic site were viable and that these plans enhanced the value of the property. But despite the city's post-taking action with respect to the land, Clark was required to show that his plans to reconstruct the hotel amounted to more than mere speculation at the time of taking.

In determining just and adequate compensation, a jury may consider the value of property for uses other than its use at the time of taking. But the property's mere adaptability to a different use is insufficient for consideration of this different use as a basis for compensation. Such use of the property must be so reasonably probable as to affect the property's present value. *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 713 (225 SE2d 80) (1976). See also *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380) (1992); *Benton*, supra at 222. The trial court's determination of whether the evidence shows a reasonable probability that the property can be used for a different purpose will not be disturbed absent a manifest abuse of discretion. *Great Southern*, supra at 713.

We cannot say that the trial court's exclusion of Clark's testimony was a "manifest abuse of discretion." Regardless of the city's ultimate use of Clark's property, Clark has not shown that any plans he had at the time of taking were more than mere speculation or conjecture. Approximately four years before the date of taking, he presented these plans to the city council more than once, and the plans were rejected on each occasion. A former city council member who testified on Clark's behalf about these meetings stated that Clark's plans amounted to "more of a dream, I think, more than anything else."[3] Finally, Clark failed to proffer any evidence showing the enhanced value of the site by virtue of its status as the site of the former hotel. See *Zone Enterprises*, supra. We therefore conclude that Clark has shown no basis for reversal on this ground.

4. Clark contends that the trial court erroneously refused to allow him to question the city's appraiser concerning comparable sales used by the expert but disregarded in his final analysis. In this regard, he argues that the court should have admitted two documents containing notes prepared by an employee of the city's appraiser, but not relied on by the appraiser, in valuing his property.

It does appear that the expert did not rely on the comparables prepared by his employee and apparently referred to in the objected-

---

[3] We also note the statement to the trial judge by Clark's trial counsel that the general commercial zoning of Clark's property represented its highest and best use.

to documents. Moreover, contrary to Clark's argument that he was precluded from cross-examining the witness concerning the reasons he discarded those comparables, the record shows that he was afforded ample opportunity to cross-examine the witness on this issue. The admissibility of evidence is a matter largely within the trial court's discretion. See generally *Ivy Inn v. MARTA*, 175 Ga. App. 580, 582 (2) (334 SE2d 319) (1985), aff'd 255 Ga. 557, supra. Under these facts, we find no such abuse here.

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED MARCH 16, 1999.

*Moore, Ingram, Johnson & Steele, John H. Moore, Michael R. Wing*, for appellant.

*Bentley, Bentley & Bentley, Fred D. Bentley*, for appellee.